TSCHANTZ, APPELLEE, *v.* FERGUSON, APPELLANT.

[Cite as Tschantz *v.* Ferguson (1991), 57 Ohio St. 3d 131.]

(No. 89-1842—Submitted September 25, 1990—Decided January 30, 1991.)

---

[1] Shortly after Ferguson filed for judgment on the pleadings, the trial court, pursuant to a motion by the state, dismissed the action against the state. Tschantz did not appeal that dismissal. Thus, only the claim against Ferguson is involved in this appeal.

[2] R.C. 2743.02(F) provides:
"A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer

*John E. Duda,* for appellee.
*Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A., Michael L. Climaco, Jack L. Petronelli* and *Jack D. Maistros,* for appellant.

WRIGHT, J. Appellant, Thomas E. Ferguson, contends that R.C. 2743.02 (F) mandated dismissal of the action in the court of common pleas due to a failure of jurisdiction.

Appellee, Elizabeth Tschantz, responds threefold. First, due to the decision of the Court of Claims, this case is moot; second, R.C. 2743.02(F) cannot be retroactively applied to a suit filed before its enactment; and third,

or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.

"The filing of a claim against an officer or employee under this division tolls the running of the applicable statute of limitations until the court of claims determines whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code."

[3] R.C. 9.86 provides:
"Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damages or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

"This section does not eliminate, limit, or reduce any immunity from civil liability that is conferred upon an officer or employee by any other provision of the Revised Code or by case law. This section does not affect the liability of the state in an action filed against the state in the court of claims pursuant to Chapter 2743. of the Revised Code."

the stay of proceedings in the court of common pleas complies with R.C. 2743.02(F).

We agree with appellee's first proposition. This case was rendered moot by the decision in the Court of Claims denying immunity and thus dispelling any doubts as to the jurisdiction of the court of common pleas to hear this case.

Ohio courts have long exercised judicial restraint in cases which are not actual controversies. *Fortner* v. *Thomas* (1970), 22 Ohio St. 2d 13, 14, 51 O.O. 2d 35, 257 N.E. 2d 371, 372. No actual controversy exists where a case has been rendered moot by an outside event. "It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error." *Miner* v. *Witt* (1910), 82 Ohio St. 237, 92 N.E. 21, syllabus.

The substance of the issue presented to this court concerns the jurisdiction, or lack thereof, of a common pleas court to stay an action which requires an R.C. 2743.02(F) initial determination by the Court of Claims. The court of common pleas ruled against jurisdiction. The court of appeals ruled there was jurisdiction in the common pleas court for the limited purpose of staying the action pending the initial determination by the Court of Claims. Prudently, while she appealed to the Cuyahoga County Court of Appeals, Tschantz also filed an R.C. 2743.02(F) action in the Court of Claims. Before the appeal from the Cuyahoga County Court of Appeals reached this court, the Court of Claims and the Franklin County Court of Appeals had determined, pursuant to R.C. 2743.02(F), that Ferguson was not entitled to immunity.

The determination by the Court of Claims denying immunity vested jurisdiction over the tort claim in the court of common pleas, thus rendering the present appeal to this court moot.

Appellant contends that this court should decide the case regardless. Appellant accurately represents that Ohio recognizes an exception to the mootness doctrine for cases which present a debatable constitutional question or a matter of great public or general interest. *Franchise Developers, Inc.* v. *Cincinnati* (1987), 30 Ohio St. 3d 28, 31, 30 OBR 33, 36, 505 N.E. 2d 966, 969. However, this is not such a case. Whether dismissed by the common pleas court or stayed therein, that a case of this nature proceed to the Court of Claims is of paramount importance. This case did just that. There is no real prejudice to either party using either procedure, and therefore this case presents no issue of public importance worthy of an advisory opinion from this court. See *Wallace* v. *University Hospitals of Cleveland* (1961), 171 Ohio St. 487, 14 O.O. 2d 383, 172 N.E. 2d 459.

This appeal is therefore dismissed as being moot.

*Appeal dismissed.*

MOYER, C.J., HOLMES and DOUGLAS, JJ., concur.

SWEENEY, H. BROWN and RESNICK, JJ., dissent.

ALICE ROBIE RESNICK, J., dissenting. The majority finds that this case is moot and hence dismisses the appeal. This holding in reality avoids the following question: Does an appellate court have the right to reverse a trial court's discretionary act without finding an abuse of discretion? That question must be answered in the negative.

It is basic law that the trial court

has discretion to decide whether to dismiss a case or grant a stay. In this instance the trial court exercised its discretion by dismissing the case rather than granting a stay pending the decision of the Court of Claims. In order for the court of appeals to reverse the trial court, an abuse of discretion must be found. In this case no abuse of discretion was found; instead, the appellate court simply substituted its judgment for that of the trial court. Accordingly, I would reverse the judgment of the appellate court.

SWEENEY and H. BROWN, JJ., concur in the foregoing dissenting opinion.