DRYDOCK COAL COMPANY, INC., Appellant,

v.

OHIO DIVISION OF RECLAMATION, Appellee.

[Cite as *Drydock Coal Co. v. Ohio Div. of Reclamation* (1996), 115 Ohio App.3d 563.]

Court of Appeals of Ohio,
Fourth District, Athens County.

No. 95 CA 1668.

Decided Nov. 19, 1996.

*Jack V. Oakley* and *John P. Lavelle,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Mark G. Bonaventura,* Assistant Attorney General, Division of Reclamation, for appellee.

---

PETER B. ABELE, Presiding Judge.

This is an appeal from a decision of the Ohio Reclamation Board of Review denying a request by Drydock Coal Company, Inc., appellant herein, to remove from an approved coal strip-mining application a condition that bars appellant from mining within three hundred feet of an occupied dwelling.

Appellant assigns the following error:

"The Reclamation Board of Review erred in affirming the decision of the Chief of the Division of Reclamation, which imposed a condition to permit application No. 1289, which precludes mining in the permit area within three hundred feet (300′) of occupied dwellings; the affirmation of said decision being arbitrary, capricious, and inconsistent with the law."

On August 14, 1996, in *Graham v. Drydock Coal Co.* (1996), 76 Ohio St.3d 311, 667 N.E.2d 949, the Ohio Supreme Court decided that appellant does not have the right to strip-mine the property in question in the case *sub judice.* On September 5, 1996, we ordered the parties to this appeal to file supplemental briefs on the question of whether the *Graham* decision renders this appeal moot.

On September 13, 1996, appellant filed a supplemental brief arguing that the *Graham* decision does not render this appeal moot. Appellant wrote as follows:

"The Ohio Supreme Court said that Drydock could not strip-mine the instant property, but Drydock has not been prohibited from recovering its coal by underground mining methods without the consent of the surface owner or her 'lessee.' What remains at issue is whether Drydock can conduct underground mine-related activities anywhere on the surface of these premises, free of the 300 foot setback provisions, without any additional 'consent' beyond that which is found in the severance deeds.

" * * *

"Therefore, even though Drydock will be unable to surface mine pursuant to its permit application # 1289, the issue raised by this permit condition requiring the

300 foot setback is not moot, because this same condition *will be applied to any subsequent permit application made by Drydock to conduct underground mining operations* on the instant property." (Emphasis added.)

Thus, appellant argues that because it may file an underground mining permit application in the future, the three-hundred-foot issue is not moot.

On September 16, 1996, appellee filed a supplemental brief arguing that the *Graham* decision renders this appeal moot. Appellee wrote as follows:

"Regardless of whether the RBR determination was correct, Drydock does not possess the right to conduct surface mining operations under the deeds; accordingly it cannot conduct such surface mining operations within 300 feet of a dwelling."

Thus, appellee argues that because *Graham* states that appellant may not conduct any surface mining operations on the property in question, the issue of whether appellant may surface mine within three hundred feet of a dwelling on the property is moot.

In *State ex rel. Eliza Jennings, Inc. v. Noble* (1990), 49 Ohio St.3d 71, 74, 551 N.E.2d 128, 131, the court quoted and followed long-standing case law for the proposition that courts have a duty to decide actual controversies and to refrain from rendering advisory opinions. The court wrote as follows:

"Next, we address appellee's motion to dismiss this case as moot. In determining whether a case is moot, ' "[t]he duty of this court, as of every judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principals or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. * * * " ' *Miner v. Witt* (1910), 82 Ohio St. 237, 238–239, 92 N.E. 21, 22, quoting *Mills v. Green* (1895), 159 U.S. 651, 653 [16 S.Ct. 132, 133, 40 L.Ed. 293]." *Id.,* 49 Ohio St.3d at 74, 551 N.E.2d at 131. See, also, *Tschantz v. Ferguson* (1991), 57 Ohio St.3d 131, 133, 566 N.E.2d 655, 657.

■ We must dismiss an appeal when, without the fault of any party, circumstances preclude us from granting effective relief. *Miner v. Witt, supra,* 82 Ohio St. at 239, 92 N.E. at 22; *James A. Keller, Inc. v. Flaherty* (1991), 74 Ohio App.3d 788, 791, 600 N.E.2d 736, 738.

■ Two exceptions to the mootness doctrine exist. In *In re Suspension of Huffer from Circleville High School* (1989), 47 Ohio St.3d 12, 546 N.E.2d 1308, paragraph one of the syllabus, the court held that if an issue is capable of repetition yet evades review or involves a matter of great public or great general interest, the court is vested with jurisdiction to hear the appeal even though the issue raised in the appeal is moot. See, also, *Franchise Developers, Inc. v. Cincinnati* (1987), 30 Ohio St.3d 28, 30 OBR 33, 505 N.E.2d 966, paragraph one of the syllabus.

■ We agree with appellee that *Graham* renders the three-hundred-foot issue moot in this appeal. *Graham* held that appellant may not conduct any surface mining operations on the property in question. Thus, even if appellant obtained a favorable decision on the issue raised in this appeal, appellant cannot strip mine within three hundred feet of a dwelling on the property in question. Again, pursuant to the Ohio Supreme Court decision, appellant cannot conduct any surface-mining operation.

We reject appellant's contention that because it may, in the future, file an application for a permit to conduct underground-mining operations on the property in question, the issue is ripe for consideration in this appeal. Although the issue may become ripe at some point in the future after appellant files an application for a permit to conduct underground-mining operations on the property, the issue is not ripe now. The application that appellant filed for a strip-mining permit will not enable appellant to conduct an underground-mining operation. Strip-mining permit applications and underground-mining permit applications are distinct from one another. See, *e.g.*, Ohio Adm.Code Chapter 1501:13-2 (C permits for strip mining); Ohio Adm.Code 1501:13-4-14 (underground-mining permit application requirements for reclamation and operations plans).

Additionally, we find that neither of the two exceptions to the mootness doctrine applies in the case *sub judice*. First, the three-hundred-foot issue will not evade review in the future. Second, the issue raised in this appeal is not a matter of public or great general interest.

Accordingly, based upon the foregoing reasons, we find appellant's assignment of error to be moot.

*Appeal dismissed.*

STEPHENSON and HARSHA, JJ., concur.