DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
James and Stephanie Blackford have appealed from a judgment of the Medina County Common Pleas Court that dismissed their attempted appeal from a decision of the City of Medina Planning Commission for failure to exhaust administrative remedies. They have argued that they were excused from exhausting their administrative remedies because any attempt to do so would have been in vain. This Court affirms the trial court's dismissal of Mr. and Mrs. Blackford's appeal because their claim is moot.
 I.
On June 13, 1996, an entity known as Osborne Inc. requested site plan approval of the City of Medina Planning Commission for a permanent concrete batch plant to be located on property that it owns at 795 N. Progress Drive in Medina. The Commission granted its approval subject to certain conditions. On July 30, 1996, and August 13, 1996, the Commission approved proposed amendments to Osborne's previously approved site plan.
On December 12, 1996, the Commission again approved Osborne's site plan with a number of conditions. The eleventh condition was that "[a]ll previous approvals are void."
On January 6, 1997, Osborne requested approval of a revision of the site plan that had been approved on December 12, 1996. The Commission approved the proposed revision and, again, included as a condition of that approval that "[a]ll previous approvals are void."
Mr. and Mrs. Blackford live in a development that is adjacent to Osborne's property. They participated in the hearings held before the Commission regarding Osborne's proposed batch plant. On January 10, 1997, they filed a notice of appeal to the Medina County Common Pleas Court from the Commission's December 12, 1996, approval of Osborne's site plan.
On March 10, 1997, the Commission moved the Common Pleas Court to dismiss Mr. and Mrs. Blackford's appeal on two grounds. First, it argued that their appeal was moot because the December 12, 1997, approval of Osborne's site plan, from which they were attempting to appeal, was vacated by the Commission's January 6, 1997, approval of Osborne's revised site plan. Secondly, it argued that Mr. and Mrs. Blackford had failed to exhaust their administrative remedies prior to filing their notice of appeal.
On April 17, 1997, the Common Pleas Court granted the Commission's motion to dismiss. In doing so, it determined that Mr. and Mrs. Blackford had failed to exhaust their administrative remedies. Mr. and Mrs. Blackford timely appealed to this Court.
 II.
Mr. and Mrs. Blackford's assigned error is that the Common Pleas Court incorrectly dismissed their appeal for failure to exhaust administrative remedies. They have asserted that they were excused from exhausting their administrative remedies because any attempt by them to have done so would have been in vain. This Court does not reach Mr. and Mrs. Blackford's assigned error because their appeal to the Common Pleas Court was moot and should have been dismissed on that ground.
As noted above, on January 10, 1997, Mr. and Mrs. Blackford attempted to appeal from the Commission's December 12, 1996, approval of Osborne's site plan. That approval, however, had been vacated four days earlier, on January 6, 1997, as part of the Commission's approval of a revised site plan submitted by Osborne. At argument of this matter, the Commission's counsel informed this Court that Osborne completed construction of its batch plant pursuant to the January 6, 1997, approval of its site plan and that the plant is now in operation.
"It is not the duty of the court to answer moot questions[.]"Tschantz v. Ferguson (1991), 57 Ohio St.3d 131, 133, quoting Minerv. Witt (1910), 82 Ohio St. 237, syllabus. Any decision this Court could make regarding the validity of the December 12, 1996, approval of Osborne's site plan by the Commission would not affect the controversy between Mr. and Mrs. Blackford and the Commission. Osborne would remain free to continue its operation of the concrete batch plant because that plant was built pursuant to the Commission's unchallenged January 6, 1997, approval. Mr. and Mrs. Blackford's claim is moot, and their assignment of error is overruled on that basis.
 III.
Mr. and Mrs. Blackford's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Medina Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
 Exceptions. _________________________________ CLAIR E. DICKINSON, FOR THE COURT
QUILLIN, P. J.
BAIRD, J., CONCUR