OPINION
This timely appeal arises from a decision of the Mahoning County Court of Common Pleas denying Frederick Sims ("Appellant") jail-time credit for 232 days he spent at a drug treatment facility. For the following reasons, we dismiss this appeal.
On December 4, 1997, Appellant pleaded guilty to one count of attempted robbery in violation of R.C. § 2911.02(A)(3), and one count of attempted abduction in violation of R.C. § 2905.02, both fourth degree felonies. On February 3, 1998, Appellant was sentenced to eighteen months in prison.
On May 8, 1998, Appellant filed a Motion for Judicial Release pursuant to R.C. § 2929.20. The motion was granted on June 26, 1998, and memorialized in a judgment entry filed on June 29, 1998. Appellant's prison sentence was suspended in lieu of one year of community control which was to be administered by the Adult Parole Authority ("APA"). Appellant's judicial release was also contingent upon completion of a rehabilitation program at Community Corrections Association ("CCA"). Appellant subsequently attended drug and alcohol rehabilitation meetings and secured a full-time job as a laborer.
CCA released Appellant from their supervision on November 12, 1998, after 140 days of residency.
On June 17, 1999, Appellee filed a Motion to Extend or Revoke Appellant's judicial release. The motion was based on Appellant testing positive for cocaine and marijuana during a drug screening on May 3, 1999. The motion was granted on June 21, 1999. The court added twelve months to Appellant's community control sanction.
On August 17, 1999, the trial court revoked Appellant's community control sanction and reimposed the full prison term. Appellant was granted credit for 197 days already spent in prison, which did not include credit for any time he spent at CCA.
On December 3, 1999, Appellant filed a Motion for Credit for Time Served. The motion was denied on December 6, 1999. The trial court determined that Appellant was sentenced to a residential treatment center and was not entitled to credit for any days spent there, except at the trial court's discretion.
On May 5, 2000, Appellant filed another Motion for Jail Time Credit. Appellant requested credit for the days spent at CCA from June 26, 1998, to November 12, 1998, totaling 140 days. The motion was denied on May 15, 2000.
On June 19, 2000, Appellant filed a third Motion for Jail Time Credit. This time Appellant requested credit for 232 days, including the time spent at CCA from January 6, 1999, to April 9, 1999, as well as the 140 days previously requested.
On June 28, 2000, the trial court overruled Appellant's third motion for jail-time credit, once again explaining that Appellant was not entitled to credit for time spent at a residential treatment center. It is from this third judgment entry that Appellant is pursuing this appeal.
Appellee has argued that this appeal is moot because Appellant's prison sentence expired during the pendency of this appeal. Appellee's theory is that this Court would be rendering an advisory opinion which could not affect the matter at issue. See Drydock Coal Co., Inc. v. Ohio Div. ofReclamation (1996), 115 Ohio App.3d 563, 565. The record does not reflect that Appellant has been released from custody or that he has no post-release control sanctions imposed upon him. The mere possibility that a criminal defendant's sentence may have expired is not sufficient to warrant a conclusion that all sentencing issues are moot. Therefore, we find that the appeal is not moot.
Nevertheless, we must dismiss this appeal for being untimely filed and for lack of a final appealable order.
The Ohio Supreme Court has held that a criminal defendant may appeal a sentencing order which contains an incorrect calculation of jail-time credit. State ex rel. Jones v. O'Connor (1999), 84 Ohio St.3d 426, 426;State ex rel. Sampson v. Parrott (1998), 82 Ohio St.3d 92, 93. Appellant's right to appeal the calculation of jail-time credit arose on August 17, 1999, when his original sentence was reimposed and he was granted 197 days of jail-time credit. This order was final and appealable pursuant to R.C. § 2505.02(B)(1), in that it was an order that affected a substantial right, determined the action, and prevented any further judgment. Appellant did not file a direct appeal of this judgment entry.
The Ohio Constitution confers upon appellate courts, "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals." Section 3(B)(2), Article IV, Ohio Constitution. R.C. §2505.02 sets forth those orders that are "final orders" subject to review by Ohio's appellate courts. For this present appeal to constitute a final appealable order, it must satisfy one of the prongs of R.C. §2505.02(B), which states:
 "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 "(3) An order that vacates or sets aside a judgment or grants a new trial;
 "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 "(5) An order that determines that an action may or may not be maintained as a class action."
It is obvious that the June 28, 2000, decision does not satisfy R.C. § 2505.02(B)(3-5). A common factor of final appealable orders under both R.C. § 2505.02(B)(1) and (2) is that the orders affect a substantial right of the party who is appealing. We find that the June 28, 2000, order does not affect any of Appellant's substantial rights. Prior to the order, Appellant had 197 days of jail-time credit. After the order, Appellant continued to have 197 days of jail-time credit. Nothing changed by virtue of the June 28, 2000, order. As stated earlier, the order that affected his substantial rights was the August 17, 1999, order.
The timely filing of a notice of appeal is required for this Court to gain subject matter jurisdiction over an appeal. Hosfelt v. Miller (Nov. 22, 2000), Jefferson App. No. 97-JE-50, unreported. Under App.R. 4(A), Appellant had thirty days to file his appeal of the August 17, 1999, order. He also could have filed a motion for delayed appeal under App.R. 5, but that did not occur in this case. Therefore, we are left with an unappealed final order, granted on August 17, 1999, and an appealed non-final order, rendered on June 28, 2000. This Court does not have jurisdiction to review either of these orders at this time.
For the foregoing reasons, we dismiss this appeal for failure to file a timely notice of appeal of the August 17, 1999, resentencing order and for lack of a subsequent final appealable order regarding jail-time credit.
Donofrio, J., concurs.
DeGenaro, J., concurs.