OPINION *Page 2 
{¶ 1} Appellant, Ohio Department of Job and Family Services, appeals from the October 30, 2006, Judgment Entry of the Stark County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellee, Courtney McFrederick, died on April 19, 2007. While she was living, Courtney had significant medical problems including cerebral palsy, mental retardation and microcephaly[1] and was unable to walk, stand, sit on her own, eat or communicate. During her lifetime, she lived and was treated at home through the Ohio Home Care Waiver Program under Medicaid. Such program provides nursing, skilled therapy and other types of services to individuals whose health care problems are severe enough to require institutionalization, but who have chosen to remain at home. Appellant, ODJFS, paid approximately $10,000.00 a month for Courtney's care.
 {¶ 3} While at home, Courtney was receiving, for a period of time, 10 hours of skilled nursing care per day. Courtney's father, Mark McFrederick, who is a registered nurse and who was her legal guardian, was the primary paid and unpaid caregiver for his daughter. Mark McFrederick was a paid provider for his daughter part-time through an agency approved of by appellant. In 2005, the number of hours of care that Courtney McFrederick received was increased from ten (10) to twelve (12) hours daily.
 {¶ 4} On February 6, 2006, CareStar, a Case Management Agency that preapproves home care services to be provided to consumers such as Courtney that are eligible for the Ohio Home Care Waiver[2], proposed that Courtney McFrederick, who was then 23 years old, continue receiving a total of twelve (12) hours a day of skilled *Page 3 
nursing services. The proposal was made after an annual review was conducted in August of 2005. Mark McFrederick, who disagreed with the number of hours, appealed and requested a state hearing before appellant, ODJFS. Mark McFrederick argued that his daughter required twenty-four (24) hours of skilled nursing care and should receive the maximum number of nursing hours. Courtney's doctor had prescribed 24 hours per day of skilled nursing care for her. Following a hearing, a state hearing officer overruled the appeal, holding that there had not been a significant change in Courtney's condition that would warrant an increase in her nursing service hours above twelve (12) hours a day. Mark McFrederick then requested an administrative appeal of the state hearing officer's decision. An Administrative Appeal Officer affirmed the decision of the state hearing officer. The Officer, in her decision, stated, in relevant part, as follows:
 {¶ 5} "Ohio Admin. Code 5101:3-12-06(A)(7) clarifies that `reimbursable nursing visits do not include continuous care visits for the purpose of continuously monitoring medical conditions without the performance of other hands-on nursing services provided during the visit.' In this case there is no question that the Appellant's condition is complex and monitoring of her condition is necessary, however, nursing service hours will not be approved only to monitor the Appellant's condition. The Appellant has not demonstrated that the Appellant requires in excess of twelve hours of skilled services."
 {¶ 6} Courtney McFrederick then filed a Notice of Appeal with the Stark County Court of Common Pleas pursuant to R.C. 119.12 and R.C. 5101.35(E). Courtney McFrederick, in her Notice of Appeal, argued that appellant's decision allowing her only twelve (12) hours of skilled nursing care a day should be vacated as not being based on reliable, probative or substantial evidence and as being in violation of the law. She *Page 4 
further requested that the trial court remand the matter to appellant "for a determination of the number of hours allowed to [Courtney McFrederick], under the individual cost cap in the Waiver Program based on her continuous need for skilled nursing services, equal to or less than 24 hours per day."
 {¶ 7} Both parties filed briefs with the trial court. Appellant, in its brief, argued that under O.A.C. Section 5101:3-12-06(A)(1), it could only pay for skilled nursing services. Appellant, in its brief, specifically argued, in relevant part, as follows:
 {¶ 8} "Under the Ohio law, ODJFS can only pay Mr. McFrederick for skilled nursing services. O.A.C. § 5101:3-12-06(A)(1). Courtney's needs for skilled nursing are as follows:
 {¶ 9} "Feeding Courtney through a gastric tube.
 {¶ 10} "Giving Courtney medication through her gastric tube. Rec. 23
 {¶ 11} "Monitoring Courtney periodically to determine if she needs additional medications such as a laxative or an albuterol inhaler. Rec. 23.
 {¶ 12} "Changing Courtney's diaper every two hours when she is awake. Rec. 19.
 {¶ 13} "Performing range of motion activities at each diaper change. Rec. 19.
 {¶ 14} "Although Mr. McFrederick argues vociferously that twelve hours is insufficient, he has not articulated what hands-on tasks a nurse must do that take longer than 12 hours per day. Under the relevant administrative rules, ODJFS only pays for `hands-on nursing services provided during the visit.' O.A.C. § 5101:3-12-06(A)(7). Nor may ODJFS pay for `continuous care visits for the purpose of continuously monitoring medical conditions [.]' O.A.C. § 5101:3-12-06(A)(7)." *Page 5 
 {¶ 15} Pursuant to Judgment Entry filed on October 30, 2006, the trial court reversed the decision of appellant, ODJFS, and remanded the matter for "determination of benefit in accordance with law." The trial court, in its entry, stated, in relevant part, as follows:
 {¶ 16} "ODJFS asserts that:
 {¶ 17} "Under the relevant administrative rules, ODJFS only pays for `hands-on nursing services during the visit.' O.A.C. § 5101:3-12-06(A)(7). Nor may ODJFS pay for `continuous care visits for the purpose of continuously monitoring medical conditions [.]' O.A.C. § 5101:3-12-06(A)(7).
 {¶ 18} "However, O.A.C. § 5101:3-12-06(A)(7) in effect at the time states:
 {¶ 19} "`Reimbursable nursing visits do no include continuous care visits for the purpose of continuously monitoring medical conditions without the performance of other hands-on nursing services provided during the visit.' O.A.C. § 5101:3-12-06(A)(7).
 {¶ 20} "The clauses are dependent not independent. In order to properly read O.A.C. § 5101:3-12-06(A)(7) it must be read from the beginning to end without rearranging the order of the clauses or leaving out essential language.
 {¶ 21} "Interpreted according to its plain meaning the code states; continuous care visits for continuous monitoring of medical conditions are reimbursable if hands-on nursing services are provided during the visit."
 {¶ 22} Appellant appealed from the trial court's October 30, 2006, Judgment Entry, raising the following assignment of error: *Page 6 
 {¶ 23} "A NURSING SERVICE UNDER FORMER O.A.C. § 5101:3-12-06(A) ONLY PROVIDES FOR HANDS-ON MEDICAL CARE AND DOES NOT INCLUDE CONTINUOUS MONITORING OF A PATIENT'S MEDICAL STATUS WHEN NO MEDICAL CARE IS NEED [SIC] OR BEING PROVIDED."
 {¶ 24} As is stated above, Courtney McFrederick died on April 19, 2007, while the appeal was pending. Pursuant to a Judgment Entry filed on July 6, 2007, her father, Mark McFrederick, was substituted as a party in place of Courtney.
 {¶ 25} Actions are moot when they involve no actual genuine controversy which can definitely affect the parties' existing legal relationship. Lingo v. Ohio Central Railroad, Inc., Franklin App. No. 05AP2006, 2006-Ohio-2268, at paragraph 20, citations deleted. Ohio courts have long recognized a court should not entertain jurisdiction over cases without actual controversies, Tschantz v. Ferguson (1991), 57 Ohio St.3d 131, 566 N.E.2d 655.
 {¶ 26} We find that the case sub judice became moot when Courtney McFrederick died on April 19, 2007. In her appeal to the trial court, Courtney McFrederick specifically asked the trial court to remand the matter to appellant "for a determination of the number of hours allowed to [Courtney McFrederick], under the individual cost cap in the Waiver Program based on her continuous need for skilled nursing services, equal to or less than 24 hours per day." She did not make any claim for monetary reimbursement for services that were provided to her in the past or for *Page 7 
money damages. In short, Courtney McFrederick, in her appeal, asked for additional skilled nursing hours. Because Courtney McFrederick passed away, she cannot receive the additional hours that she requested.
 {¶ 27} The case sub judice is, therefore, dismissed as moot.
Edwards, J., Gwin, P.J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the judgment of the Stark County Court of Common Pleas is dismissed. Costs assessed 50% to appellant and 50% to appellee.
[1] Courtney had been disabled since birth.
[2] CareStar is a contracted designee of the Ohio Department of Job and Family Services. *Page 1