[Cite as *Gemmell v. Anthony*, 2014-Ohio-4183.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

Karry Gemmell, et al.,                          :

     Plaintiffs-Appellees,                   :         Case No. 14CA6

     v.                                      :

Mark Anthony, et al.,                           :

     Defendants-Appellants.                  :         <u>DECISION AND JUDGMENT ENTRY</u>

                                             :         **RELEASED: 9/19/2014**

_____

<u>APPEARANCES:</u>

Scott E. North & Christen M. Blend, Porter, Wright, Morris & Arthur, LLP, Columbus Ohio for Defendant-Appellant.

Dale D. Cook & Michael L. Close, Isaac Wiles Burkholder & Teetor, LLC, Columbus Ohio for Plaintiffs-Appellees.

_____

HOOVER, A.J.

{¶1}   Appellant Mark Anthony filed an appeal of the trial court's judgment entry and subsequent nunc pro tunc judgment entry granting a preliminary injunction against him and others. In the first entry, the trial court ordered that Hocking Peaks Adventure Park, LLC be subject to the same orders as previously entered against Hocking Peaks, LLC. The trial court determined that Anthony had dissolved Hocking Peaks, formed Hocking Peaks Adventure Park, and transferred all the assets from Hocking Peaks to Hocking Peaks Adventure Park in an attempt to evade the trial court's orders. The trial court ordered that there be one bank account established for the operations of Hocking

Peaks Adventure Park and that neither Gemmell nor Anthony be permitted to withdraw or expense an amount of money out of the bank account without the written consent of both of them. The second nunc pro tunc order was identical, except that it required the plaintiffs to post a bond of $65,000.

{¶2}    Approximately two months later, the trial court granted the plaintiffs' motion for the appointment of a receiver for Hocking Peaks Adventure Park based upon its findings that Anthony continued to engage in self-dealing and that the business would fail and investments would be misappropriated if the court did not appoint a receiver to manage the business operations of Hocking Peaks Adventure Park. Appellants Mark Anthony, M&T Property Investments, Ltd., and Hocking Peaks Adventure Park filed an appeal of the trial court's order appointing a receiver, which is the subject of appellate case number 14CA11.

{¶3}    Appellees filed a two-pronged motion to dismiss the appeal of 14CA6, i.e., the trial court's order granting a preliminary injunction. First, Appellees argue that the preliminary injunction entry is not a final appealable order because it does not meet all the requirements of R.C. 2505.02(B)(4), governing orders that grant or deny provisional remedies.  Second, Appellees argue that the trial court's preliminary injunction order has been effectively made moot by the trial court's subsequent order appointing a receiver to operate Hocking Peaks Adventure Park. Thus, the appeal from that order is also moot.

{¶4}    We find Appellees' motion to dismiss the appeal as moot meritorious and, for that reason, we do not address the second argument concerning the final appealable

nature of the order.

{¶5}    An appellate court must dismiss an appeal when, without the fault of any

party, circumstances preclude it from granting effective relief. *Drycok Coal Co., Inc. v.*

*Ohio Division of Reclamation,*115 Ohio App.3d 563, 685 N.E.2d 863 (4th Dist 1996).  In

*State ex rel. Eliza Jennings, Inc. v. Noble*, 49 Ohio St.3d 71, 74, 551 N.E.2d 128, 131

(1990), the Court quoted and followed long-standing case law for the proposition that

courts have a duty to decide actual controversies and to refrain from rendering advisory

opinions. The Court held:

> "Next, we address appellee's motion to dismiss this case as moot. In
> determining whether a case is moot, '"[t]he duty of this court, as of every
> judicial tribunal, is to decide actual controversies by a judgment which can
> be carried into effect, and not to give opinions upon moot questions or
> abstract propositions, or to declare principals or rules of law which cannot
> affect the matter in issue in the case before it. It necessarily follows that
> when, pending an appeal from the judgment of a lower court, and without
> any fault of the defendant, an event occurs which renders it impossible for
> this court, if it should decide the case in favor of the plaintiff, to grant him
> any effectual relief whatever, the court will not proceed to a formal
> judgment, but will dismiss the appeal. * * * " ' *Miner v. Witt* (1910), 82 Ohio
> St. 237, 238-239, 92 N.E. 21, 22, quoting *Mills v. Green* (1895), 159 U.S.
> 651, 653 [16 S.Ct. 132, 133, 40 L.Ed. 293].

*Noble*, 49 Ohio St.3d at 74, 551 N.E.2d at 131. See, also, *Tschantz v. Ferguson*, 57

Ohio St.3d 131, 133, 566 N.E.2d 655, 657 (1991).

{¶6}    Two exceptions exist to the mootness doctrine. In *In re Suspension of*

*Huffer from Circleville High School*, 47 Ohio St.3d 12, 546 N.E.2d 1308 (1989),

paragraph one of the syllabus, the Court held that if an issue is capable of repetition yet

evades review or involves a matter of great public or great general interest, the court is

vested with jurisdiction to hear the appeal even though the issue raised in the appeal is

moot. See, also, *Franchise Developers, Inc. v. Cincinnati*, 30 Ohio St.3d 28, 505 N.E.2d 966 (1987), paragraph one of the syllabus.

{¶7}  Here, the trial court's preliminary injunction entry ordered the parties to establish a single bank account and to run the revenue and expenditures of Hocking Peak Adventure Parks through the single bank account with the approval of both Gemmell and Anthony.  However, after issuing that order, the trial court then determined that the business operations needed greater oversight and appointed a receiver to take over the management of Hocking Peaks Adventure Parks. Thus, the business operations, including collection of revenues and payment of expenses, is now conducted by the court-appointed receiver.  Neither Gemmell nor Anthony have the authority to manage business operations or conduct financial transactions through the business's bank account.

{¶8}  We agree with Appellees in that we cannot grant an effective remedy concerning the trial court's preliminary injunction where the order concerning the parties' creation and operation of a single bank account has been replaced with a court-appointed receivership. Even if we should decide the appeal in favor of Appellant Anthony, the fact that the court-appointed receiver, and not Anthony, is making all the financial decisions on behalf of the business, precludes any effective relief in his favor.

{¶9}  Additionally, we find that neither of the two exceptions to the mootness doctrine applies in this case.  First, the issue of the management of the business and the proper handling of its financial accounts is not an issue that will repeat, yet evade review, in the future. And, the issue raised in this appeal is not a matter of public or

great general interest.

{¶10} Accordingly, based upon the foregoing reasons, we find this appeal to be **MOOT** and it is hereby **DISMISSED**. All other pending motions are hereby **DENIED** as **MOOT**.

{¶11} The clerk shall serve a copy of this order on all counsel of record at their last known addresses by ordinary mail.

**MOTION TO DISMISS GRANTED.  MOTION TO FOR LEAVE TO AMEND NOTICE DENIED. APPEAL DISMISSED. COSTS TO APPELLANT.**

**IT IS SO ORDERED.**

Harsha, J. & McFarland, J.:  Concur.

**FOR THE COURT**

_____
Marie Hoover
Administrative Judge