[Cite as *Reinbolt v. Natl. Socialist Movement*, 2015-Ohio-5500.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Robert R. Reinbolt, Safety Director, et al.

Court of Appeals No.  L-15-1100

Appellant

Trial Court No.  CI0201502264

v.

National Socialist Movement, et al.

**DECISION AND JUDGMENT**

Appellee

Decided:  December 30, 2015

* * * * *

Adam K. Loukx, Director of Law, Jeffrey B. Charles, Chief of Litigation, and John T. Madigan, Senior Attorney, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} This is an appeal from an order in the Lucas County Court of Common Pleas dismissing the motion for a temporary restraining order and a complaint for an injunction for lack of a justiciable issue.

{¶ 2} In early March 2015, Robert R. Reinbolt, appellant, was informed of a possible protest by the National Socialist Movement, appellee. Appellant is the safety director for the city of Toledo. Appellee is an organization dedicated to a Nazis-style White supremacy agenda.

{¶ 3} Appellee has previously held protests in Toledo. On October 15, 2005, appellee organized a protest in Toledo which eventually escalated into a riot. On October 24, 2005, appellee returned to Toledo to hold another protest. This protest was limited to a one block area in front of One Government Center in downtown Toledo. No incidents of violence occurred with this protest.

{¶ 4} Upon obtaining the information appellee was returning to hold another protest in Toledo, appellant filed a motion for a temporary restraining order and a complaint for a temporary and permanent injunction on April 15, 2015. The motion and complaint sought to prohibit appellee and its supporters from possessing firearms during the protest. The protest was to take place three days later on April 18, 2015.

{¶ 5} On April 15, 2015, a hearing was held on the motion and complaint. At the hearing, appellant was ordered to verify in writing all attempts to contact appellee. The hearing was set to continue two days later.

{¶ 6} However, on April 16, 2015, before the hearing could resume, the trial court found the motion and complaint to be moot because they lacked a justiciable issue. Following a motion for reconsideration by appellant, the trial court ruled once again there

2.

was no justiciable issue. The trial court found appellant was seeking an advisory opinion and appellee must be the party to complain for a case in controversy to exist.

{¶ 7} Appellee's protest took place on April 18, 2015 without incident. All protestors were prohibited from possessing firearms and were searched before entering the protest area. Appellee has not challenged the restrictions on the protest.

{¶ 8} Appellant sets forth three assignments for our review:

I. The trial court erred when it dismissed the plaintiffs' complaint for lack of justiciability when the complaint alleged meritorious grounds for relief.

II. The trial court erred by setting plaintiffs' motion for hearing and then dismissing plaintiffs' complaint without notice or opportunity to amend their complaint.

III. The issues raised in this appeal are not moot simply because the NSM rally has taken place since they are capable of repetition yet evading review.

{¶ 9} We turn first to appellant's third assignment of error. An issue is moot where no actual controversy exists. *Roberts v. Put-in-Bay Planning Comm.*, 6th Dist. Ottawa No. 93OT040, 1994 WL 373546, *3 (July 15, 1994), quoting *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (1991). Ordinarily, if no case or controversy exists, no appellate review will take place. *State v. Bistricky*, 51 Ohio St.3d

3.

157, 158, 555 N.E.2d 644 (1990), citing *Storer v. Brown,* 415 U.S. 724, 737, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974).

{¶ 10} A limited exception exists if the underlying legal issue is capable of repetition but evades review. *Id.* For an action to fall within this narrow exception, two factors must be present: (1) the challenged action is too short to be litigated fully, and (2) there is a reasonable expectation the same complaining party will be subject to the same action in the future. *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231, 729 N.E.2d 1182 (2000), citing *Spencer v. Kemna*, 523 U.S. 1, 17-18, 118 S.Ct. 978, 140 L.Ed.2d. 43 (1998).

{¶ 11} Appellant claims the denial of his motion and complaint, which surrounded issues in a protest that occurred six months ago, is not moot because the denial of these actions are capable of repetition and because of the short duration of the actions, they can evade review. Appellant points to the three-day time period in which he filed his motion and complaint and the protest took place in an effort to show there was not enough time to fully litigate his claims. Appellant also argues there is a reasonable expectation that appellant will be subject to similar litigation in the future because appellee may decide to return to Toledo for another protest.

{¶ 12} However, we find these arguments unavailing as we find appellant's appeal moot. No actual controversy existed between the parties at the trial court level. Appellant must first prohibit the possession of firearms at the rally by appellee. Appellee or another participant at the rally must then file suit against appellant for violating any

4.

applicable constitutional rights.  Appellant is still seeking judicial approval of his actions when there has been no challenge to them.  Further, the rally in which the case revolves around occurred six months ago.  Appellee did not argue against the restrictions six months ago and has not entered a brief in response to this appeal by appellant.  Thus, as we find appellant's complaint moot, we dismiss this appeal.  Costs assessed to appellant pursuant to App.R.24.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.              _____
                              JUDGE
Stephen A. Yarbrough, P.J.

James D. Jensen, J.           _____
CONCUR.                       JUDGE

                              _____
                              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.