[Cite as *In re Estate of Choe*, 2018-Ohio-145.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| IN THE MATTER OF THE ESTATE OF JONG CHOE | JUDGES:<br>Hon. W. Scott Gwin, P. J.<br>Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J.<br><br>Case No. 2017 CA 10<br><br>O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Probate Division, Case No. 2005-1103 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | January 12, 2018 |
| APPEARANCES: | |

For Appellant Sharma

PAUL GIORGIANNI
GIORGIANNI LAW LLC
1538 Arlington Avenue
Columbus, Ohio 43212-2710

For Appellee Kory Choe

KIM M. ROSE
CRITCHFIELD, CRITCHFIELD &
JOHNSTON, LTD
10 South Gay Street
Columbus, Ohio 43050

*Wise, J.*

{¶1}    Appellant Constance Sharma appeals the April 17, 2017, judgment entry of the Knox County Probate Court finding her in contempt and ordering her to pay "[a]ll attorneys' fees incurred by Kory Choe, all filing fees, transcript fees, and all other fees."

### STATEMENT OF THE FACTS AND CASE

{¶2}    The relevant facts and procedural history are as follows:

{¶3}    Dr. Jong Choe and his wife Moon Choe were tragically killed in an automobile accident on April 15, 2005. The Choes were survived by their minor children Kory Choe, Katie Choe, and Kendric Choe.  At the time of his death, Dr. Choe was a Knox County, Ohio resident and was practicing urology in Knox County, Ohio.

{¶4}    On April 26, 2005, a decedent's estate was opened for Dr. Jong Choe in the Knox County Probate Court, and the court appointed W. Michael Kramer executor.

{¶5}    On February 21, 2007, the estate was closed.

{¶6}    On June 3, 2013, the estate was re-opened based upon a newly-discovered asset:  proceeds from a $1.7 million life insurance policy on the life of Dr. Choe. The probate court reappointed Mr. Kramer executor of the estate. By this time, Mr. Kramer had a new attorney, Appellant Constance Sharma.

{¶7}    On December 30, 2015, Mr. Kramer and Ms. Sharma filed a first partial Fiduciary's Account, covering the period 2005 through November 2015.

{¶8}    On February 10, 2016, the probate court approved the first partial fiduciary's Account.

{¶9}    On August 29, 2016, Mr. Kramer and Ms. Sharma filed a Status Report.

{¶10} On January 5, 2017, Mr. Kramer and Ms. Sharma filed a final (non-distributive) Fiduciary's Account, covering the 12-month period November 14, 2015 through November 18, 2016.

{¶11} On February 15, 2017, Kory Choe, through counsel, filed an objection to the final (non-distributive) Fiduciary's Account.

{¶12} On February 17, 2017, Mr. Kramer and Ms. Sharma filed a final and Distributive Fiduciary's Account and the probate form Assets Remaining in Fiduciary's hands showing a zero balance.

{¶13} On February 24, 2017, the probate court filed a judgment entry setting Kory Choe's objection to the final (non-distributive) fiduciary Account for hearing on March 24, 2017.

{¶14} On March 24, 2017, the probate court convened the hearing. From the bench, the probate court removed Mr. Kramer as the executor of the estate. The court also removed Mr. Kramer as trustee of the trust created by the "Trust Agreement of Moon Young Choe Trust Dated 1/9, 2004" ("the Trust").

{¶15} On March 30, 2017, the probate court filed a Judgment Entry (R. 129) memorializing the removal of Mr. Kramer as executor and the removal of Mr. Kramer as trustee. The Judgment Entry orders Appellant Constance Sharma to transfer her files and other information to the successor trustee, First-Knox National Bank, on or before April 15, 2017.

{¶16} On April 14, 2017, Ms. Sharma filed a motion seeking until May 1, 2017, to comply with the order to transfer her files.

**{¶17}** On April 17, 2017, at 2:21 p.m., Kory Choe filed a motion requesting that the court declare Ms. Sharma guilty of contempt of court.

**{¶18}** On April 17, 2017, at 3:54 p.m., the court filed an Entry granting Kory's motion. The Entry ordered Ms. Sharma and Mr. Kramer to pay Kory Choe ' [a]ll attorneys' fees incurred by Kory Choe, all filing fees, transcript fees, and all other fees."

**{¶19}** Appellant Sharma now appeals, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

**{¶20}** "I. THE PROBATE COURT ISSUED THE APRIL 17, 2017 ENTRY.

**{¶21}** "II. THE PROBATE COURT FOUND MS. SHARMA GUILTY OF CONTEMPT.

**{¶22}** "III. THE PROBATE COURT ORDERED MS. SHARMA TO PAY KORY CHOE 'ALL ATTORNEYS' FEES INCURRED BY KORY CHOE, ALL FILING FEES, TRANSCRIPT FEES, AND ALL OTHER FEES.'

**{¶23}** "IV. THE PROBATE COURT CATEGORICALLY BARRED TRUSTEES AND ESTATE FIDUCIARIES (CURRENT AND FUTURE) FROM REIMBURSING MS. SHARMA FOR FEES AND EXPENSES INCURRED 'COPYING OR ASSEMBLING FILES.' "

### I., II., III., IV.

**{¶24}** Upon review, this Court finds that the April 17, 2017, Judgment Entry of Contempt from which Appellant brings the instant appeal was vacated by the trial court in a Judgment Entry filed September 5, 2017, wherein the trial court stated:

In the Court's Entry filed April 17, 2017 at 3:54 p.m., the Court found

Constance Sharma in contempt of court and ordered that any contracts for

copying or assembling files entered into by Mr. Kramer or Ms. Sharma be at their expense and not of the estates, trust, or Beneficiaries thereof.

The Court further Ordered attorney fees of Kory Choe charged against Ms. Sharma and Mr. Kramer. Those Orders are rescinded and held for naught. The Court's Entry filed April 17, 2017 at 3:54 p.m. is hereby VACATED. (Sept. 5, 2017 Judgment Entry at 4.)

**{¶25}** Based on the foregoing, we find that the arguments raised on appeal became moot upon the trial court's issuance of its September 5, 2017 judgment entry vacating its April 17, 2017 decision. *State ex rel. Gaylor, Inc. v. Goodenow,* 125 Ohio St.3d 407, 2010–Ohio–1844, 928 N.E.2d 728, ¶ 10; Courts have long exercised judicial restraint in cases that do not present actual controversies. *Tschantz v. Ferguson,* 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (1991), quoting *Fortner v. Thomas,* 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Miner v. Witt,* 82 Ohio St. 237, 238–239, 92 N.E. 21 (1910).

{¶26} For the foregoing reasons, the appeal from the judgment of the Court of Common Pleas, Probate Division, Knox County, Ohio, is hereby dismissed.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/d 12/21