[Cite as *In re D.E.*, 2022-Ohio-1150.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES:<br>Hon. John W. Wise, J. |
| IN THE MATTER OF |  | Hon. Earle E. Wise, Jr., P. J.<br>Hon. William B. Hoffman, J. |
|  |  |  |
| D.E. |  | Case Nos. 21CA000029 and<br>21CA000030 |
|  |  |  |
| C.E. |  | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas,
Juvenile Division, Case No. 19JC00199

JUDGMENT:     Dismissed

DATE OF JUDGMENT ENTRY:     April 4, 2022

APPEARANCES:

For Appellant Mother                   For Appellee Children's Services

JEANETTE M. MOLL                      MELISSA M. WILSON
JEANETTE M. MOLL LLC               274 Highland Avenue
P. O. Box 461                            Cambridge, Ohio  43725
Zanesville, Ohio  43702

For Father                                For CASA

JOSHUA PAMMER                      CHERYL GADD
217 North 8th Street                801 Wheeling Avenue, #D102
Cambridge, Ohio  43725           Cambridge, Ohio  43725

Guardian Ad Litem

RUTH ELLEN WEAVER
542 South Drexel Avenue
Bexley, Ohio  43209

*Wise, John, J.*

{¶ 1}   Appellant-Mother Ashley S. appeals from the judgment entered in Guernsey County Court of Common Pleas, Juvenile Court Division, which terminated all parental rights, privileges and responsibilities of the parents with regard to the minor children D.E. and C.E. and ordered that permanent custody of the minor children be granted to Guernsey County Children Services (GCCS).

{¶ 2}   This appeal is expedited and is being considered pursuant to App.R.11.2(C). The relevant facts leading to this appeal are as follows:

**STATEMENT OF THE FACTS AND CASE**

{¶ 3}   For purposes of this appeal, the relevant facts and procedural history are as follows:

{¶ 4}   This appeal pertains to the permanent custody disposition of the two minor children D.E. (dob 3/18/2014) and C.E. (dob 8/10/2016). Appellant Ashley S. and Brandon E. are the parents of the two minor children.

{¶ 5}   On May 28, 2019, Appellee Guernsey County Children Services (GCCS) filed a Complaint alleging that C.E. and D.E. were abused, neglected and dependent children.  The trial court granted *ex parte* custody to the Agency on the same date

{¶ 6}   By Journal Entry filed July 24, 2019, the minor children were adjudicated dependent pursuant to R.C. §2151.04(c) and neglected pursuant to R.C. §2151.03(b).

{¶ 7}   On August 23, 2019, the court held a Dispositional Hearing.

{¶ 8}   By Judgment Entry filed August 30, 2019, the children were placed in the temporary custody of the paternal grandmother, Karen S.

**{¶ 9}**  On November 27, 2019, a review hearing was held continuing the minor children in the temporary custody of the paternal grandmother, Karen S.

**{¶ 10}** On December 3, 2019, the minor children were placed in the *ex parte* custody of GCCS.

**{¶ 11}** On February 7, 2020, a second adjudicatory hearing was held.

**{¶ 12}** By Judgment Entry filed February 10, 2020, the court found the minor children to be dependent pursuant to R.C. §2151.04(c) and continued temporary custody to GCCS. Additionally, the Father withdrew his previously filed Motion for Legal Custody.

**{¶ 13}** On March 9, 2020, a second dispositional hearing was held.

**{¶ 14}** By Judgment Entry filed March 11, 2020, the court ordered that the children remain in the temporary custody of GCCS.

**{¶ 15}** Further review hearings were held on June 30, 2020, October 1, 2020, and December 17, 2020 (non-oral).

**{¶ 16}** On May 26, 2021, a Motion to Modify Dispositional Orders to that of Permanent Custody to GCCS was filed.

**{¶ 17}** By Judgment Entry filed June 11, 2021, the trial court, on its own motion, terminated the attorney for the minor children.

**{¶ 18}** On October 28, 2021, the Permanent Custody Hearing commenced. Present in Court were: Attorney Melissa Wilson, representing GCCS; Staci Yakupcak, GCCS Caseworker; Brianna Hickenbottom, GCCS Caseworker; Appellant-Mother Ashley S.; Attorney Joshua Pammer, Counsel for father Brandon E.; Attorney Lyndsay Sullivan, Counsel for mother; Attorney Ruthellen Weaver, GAL; Cheryl Gadd, CASA/GAL; Tom Galbreath, Bailiff; and Jennifer Jarrett, Tayhi Video and Court Reporting.

{¶ 19} Father Brandon E. was not present at the hearing. Father was not present for any hearings in this case since February 7, 2020. Pursuant to testimony presented, Father has not had any contact with his children since December 3, 2019. Father's whereabouts are unknown and he was properly served by publication on July 8, 2021. Attorney Pammer indicated that he had no contact with Father during the period of his representation despite efforts to contact him using information that had been provided to him by the court and Guernsey County Children Services

{¶ 20} By Judgment Entry filed November 10, 2021, permanent custody of the minor children C.E. and D.E. was granted to GCCS, and the parental rights of Appellant-Mother Ashley S. and Father Brandon E. was ordered terminated. D.E. and C.E. were ordered committed to the Permanent Custody of GCCS.

{¶ 21} Appellant-Mother now appeals, raising the following assignments of error:

**ASSIGNMENTS OF ERROR**

{¶ 22} "I. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILDREN WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶ 23} "II. THERE WAS NOT CLEAR AND CONVINCING EVIDENCE FOR THE TRIAL COURT TO FIND THAT THE MINOR CHILDREN SHOULD NOT BE PLACED WITH APPELLANT AND THAT IT WAS IN THE MINOR CHILDREN'S BEST INTEREST TO BE PLACED IN THE PERMANENT CUSTODY OF GUERNSEY COUNTY CHILDREN'S SERVICES.

**{¶ 24}** "III. THE TRIAL COURT ERRED WHEN, DESPITE A CONFLICT BETWEEN THE CHILDREN'S WISHES AND THEIR ALLEGED BEST INTEREST, THE COURT FAILED TO APPOINT COUNSEL FOR THEM FOR THE PERMANENT CUSTODY HEARING THEREBY DEPRIVING THEM OF THEIR CONSTITUTIONAL RIGHTS."

**{¶ 25}** On March 9, 2022, counsel for Appellant Ashley S. filed a Suggestion of Death notifying this Court that Ashley S. passed away on March 8, 2022, following an automobile accident.

I., II.

**{¶ 26}** Before addressing the merits of Appellant's arguments, we must address the effect of Appellant-Mother's death on the viability of this appeal.

**{¶ 27}** Actions are moot when they involve no actual genuine controversy which can definitely affect the parties' existing legal relationship. *Lingo v. Ohio Central Railroad, Inc.,* Franklin App. No. 05AP2006, 2006–Ohio–2268, at paragraph 20, citations deleted. Ohio courts have long recognized a court should not entertain jurisdiction over cases without actual controversies. *Tschantz v. Ferguson* (1991), 57 Ohio St.3d 131, 566 N.E.2d 655.

**{¶ 28}** We find that the case *sub judice* became moot when Ashley S. died on March 8, 2022. In her appeal, Ashley S. specifically asked this Court to find that the trial court erred in terminating her parental rights and granting permanent custody to GCCS and asks that her legal rights to custody be restored.

**{¶ 29}** Here, Ashley S.'s death makes it impossible for her to gain custody of the children.

{¶ 30} If while an action is pending, an event occurs that renders it impossible for a court to grant any effectual relief, the court will generally dismiss the action. *Tschantz* at 133, 566 N.E.2d 655, quoting *Miner v. Witt* (1910), 82 Ohio St. 237, 92 N.E. 21, syllabus.

{¶ 31} Accordingly, based upon the foregoing, we find Appellant-Mother's appeal moot.

{¶ 32} For the foregoing reasons, this appeal is dismissed

By: Wise, John, J.

Wise, Earle, P. J., and

Hoffman, J., concur.

JWW/kw 0331