[Cite as *Art Paradise, Inc. v. Washington*, 2021-Ohio-4586.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| ART PARADISE, INC. | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29230 |
| | : | |
| v. | : | Trial Court Case No. 2021-CV-01959 |
| | : | |
| RENITA WASHINGTON | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 29th day of December, 2021.

. . . . . . . . . . .

JARED A. WAGNER, Atty. Reg. No. 0076674 and MARCIE R. HUNNICUTT, Atty. Reg.
No. 0093829, 800 Performance Place, 109 North Main Street, Dayton, Ohio 45402
    Attorneys for Plaintiff-Appellee

RENITA WASHINGTON, 1783 Waterstone Boulevard, Suite 101, Miamisburg, Ohio
45342
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant, Renita Washington, appeals from the trial court's order granting appellee, Art Paradise, Inc., possession of an apartment Art Paradise owned and had rented to Washington. Because we find the appeal is moot, the appeal will be dismissed.

## Facts and Procedural History

{¶ 2} In June 2018, Art Paradise, as the owner, and Washington, as the renter, entered into a lease agreement for an apartment located in Miamisburg, Ohio. In May 2021, Art Paradise filed a forcible entry and detainer action against Washington under R.C. 1923.01(A), asserting that Washington was delinquent in her rent obligation; Art Paradise sought the return (restitution) of the apartment. In July 2021, the trial court conducted a hearing on the restitution issue, and in August 2021, it filed a decision and judgment ordering Washington's eviction from the apartment and returning the apartment to Art Paradise. On the same date, the court filed a writ of restitution ordering the Montgomery County Sheriff to return the apartment to Art Paradise's possession. Washington then filed the pending appeal. However, in doing so, she did not seek a stay of the restitution order nor did she post a supersedeas bond. Art Paradise filed a motion to dismiss the appeal, asserting that because Washington had moved from the apartment, the appeal was moot. In her response to the motion to dismiss, Washington admitted that she had moved out of the apartment after the restitution hearing. In October 2021, we tentatively overruled Art Paradise's motion to dismiss, stating that the mootness issue would be resolved after a full review of the record.

## Analysis

{¶ 3} The "role of courts is to decide adversarial legal cases and to issue

judgments that can be carried into effect." *Cryan v. Cryan*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). Thus, when the parties to an action " 'lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.*, quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Conversely, "if an actual controversy exists because it is possible for a court to grant the requested relief, the case is not moot, and a consideration of the merits is warranted." (Citations omitted.) *State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, 928 N.E.2d 728, ¶ 11. An "appellate court need not consider an issue, and will dismiss the appeal, when [it] becomes aware of an event that has rendered the issue moot * * *." *Cincinnati Gas & Elec. Co. v. Pub. Util. Comm.*, 103 Ohio St.3d 398, 2004-Ohio-5466, 816 N.E.2d 238, ¶ 15, citing *Miner v. Witt*, 82 Ohio St. 237, 238, 92 N.E. 21 (1910); *see also Townsend v. Antioch Univ.*, 2d Dist. Greene No. 2008-CA-103, 2009-Ohio-2552, ¶ 8, citing *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (1991). We conclude that the pending appeal is moot. As such, it must be dismissed.

{¶ 4} "A forcible entry and detainer action decides the right to immediate possession of property and 'nothing else.' " *Miami Valley Housing v. Jackson*, 2d Dist. Montgomery No. 25020, 2012-Ohio-5103, ¶ 5, quoting *Goldstein v. Patel*, 9th Dist. Lorain Nos. 02CA8183 and 02CA8199, 2003-Ohio-4386, ¶ 4, quoting *Seventh Urban, Inc. v. Circle Prop. Dev., Inc.*, 67 Ohio St.2d 19, 25, 423 N.E.2d 1070, (1981), fn. 11. Since the only issue is the landlord's right to immediate possession, once a tenant vacates the property, the case becomes moot. *Wise v. Webb*, 2d Dist. Clark No. 2015-CA-50, 2015-Ohio-4298, ¶ 12, citing *Cherry v. Morgan*, 2d Dist. Clark Nos. 2012-CA-11 and 2012-CA-

21, 2012-Ohio-3594, ¶ 4.   This is so because, when the tenant moves from the property, the reason for the action (immediate possession) has been accomplished.

{¶ 5} The only way a tenant can avoid the mootness conclusion in this situation is set forth in R.C. 1923.14(A), which allows a tenant, pending appeal, to retain, or even recover, possession of the property by seeking a stay of the restitution order and posting a supersedeas bond.   *Wise* at ¶ 12, citing *Cherry* at ¶ 5.

{¶ 6} The record reflects that Washington has moved from the apartment, and she did not request a stay of the restitution order or post a supersedeas bond.   As such, we must conclude that Washington's appeal is moot and subject to dismissal.

## Conclusion

{¶ 7} Washington's appeal is dismissed as moot.


. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.



Copies sent to:

Jared A. Wagner
Marcie R. Hunnicutt
Renita Washington
Hon. Dennis J. Langer, Visiting Judge