[Cite as *Harvest Land Co-Op, Inc. v. Hora*, 2022-Ohio-2375.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

|  |  |  |
|---|---|---|
| HARVEST LAND CO-OP, INC. | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 26218 and 26227 |
| | : | |
| v. | : | Trial Court Case No. 2010-CV-2284 |
| | : | |
| FRANKIE J. HORA, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellants | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of July, 2022.

. . . . . . . . . . .

MAURA J. HOFF, Atty. Reg. No. 0098259, 400 South Walnut Street, Suite 200, Muncie, Indiana 47305
 Attorney for Plaintiff-Appellee

FRANKIE J. HORA, 15725 Eaton Pike, West Alexandria, Ohio 45381
 Defendant-Appellant, Pro Se

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant Frankie J. Hora appeals from a judgment of the trial court finding him liable in the amount of $89,307.15 on a promissory note. He also appeals the trial court's denial of his Civ.R. 60(B) motion to vacate judgment. However, for the reasons set forth below, we conclude this appeal has been rendered moot by a discharge in bankruptcy which settled all issues regarding the debt underlying this case. Accordingly, this appeal is dismissed.

## I. Facts and Procedural History

{¶ 2} The facts relevant to this matter were previously set forth by this court in *Harvest Land Co-Op, Inc. v. Hora*, 2d Dist. Montgomery No. 25068, 2012-Ohio-5915 (*Hora I),* wherein we stated:

> Plaintiff Harvest Land Co–Op, Inc. ("Harvest Land") is an agricultural cooperative.[1] Defendant Frankie J. Hora is a farmer and has been a member of the Harvest Land cooperative since 2006. Hora purchased agricultural products and services from Harvest Land during that time, and he maintained an account with Harvest Land for that purpose. Sometime in 2009, Hora fell into arrears in paying the account. In March of 2009, Frankie Hora paid Harvest Land $21,089.91 on the account. Hora and his wife, Mary D. Hora, also gave Harvest Land a promissory note for $100,000.00.
>
> On March 16, 2010, Plaintiff Harvest Land filed a complaint alleging

---

[1] Following a January 2021 merger, Co-Alliance Cooperative, Inc. became the succeeding legal entity of Harvest Land Co-Op, Inc. For the sake of clarity, we will continue to refer to the plaintiff-appellee as "Harvest Land."

that the Horas had defaulted on the promissory note in the amount of $100,000.00 made payable to Harvest Land, and that the sum of $100,787.26, plus interest, was due, owing, and unpaid. Harvest Land also alleged that the promissory note "memorialized" a delinquent debt on an account the Horas previously owed.

A copy of the alleged promissory note was attached to Harvest Land's complaint. The note requires the Horas to pay the face amount of $100,000.00, plus interest at the rate of eight percent per annum, in monthly payments of $3,133.64, beginning May 1, 2009. The note further provides that interest charges at the rate of 21 percent per annum will accrue after the date of maturity until the amounts due and owing are paid in full, plus attorney's fees and costs of collection.

After obtaining leave of court, the Horas filed an amended answer and counterclaim. After denying certain allegations on Harvest Land's complaint, the Horas admitted Harvest Land's allegation that their promissory note memorialized a delinquent debt and that they failed to make all payments due on the note, alleging that their failure was due to Harvest Land's wrongful conduct. The Horas also admitted that Harvest Land expected to be paid for agricultural products it sold to the Horas that were not defective. The Horas also admitted that they failed to pay for certain agricultural products which failed to perform as represented by Harvest Land, but denied that they owed $100,000.00 plus interest on the

note.

The Horas' counterclaim alleged breaches of their contracts by Harvest Land in five separate causes of action and claims for unjust enrichment in two causes of action. The Horas also asked for an accounting of payments they made and services they provided Harvest Land.

The matter was referred to a magistrate. Following hearings, the magistrate filed a decision on November 15, 2010, granting Harvest Land summary judgment on its claim for relief on the promissory note. The magistrate rejected the Horas' claim that their promissory note is unenforceable for lack of consideration. The magistrate held that the promissory note is an instrument for value, and therefore does not lack consideration, because it was issued by the Horas as payment of, or as security for, an antecedent claim against Frank Hora for the balance due on his account with Harvest Land. R.C. 1303.33(A)(3). The magistrate further found that the Horas failed to bear their burden to rebut the presumption of the existence of consideration for a promissory note. Accordingly, the magistrate granted judgment for Harvest Land in the amount of $106,876.15, plus per diem interest. The magistrate further held that the summary judgment for Harvest Land rendered moot the Horas' claims for unjust enrichment and breach of contract.

The Horas filed objections to the magistrate's decision. Before those objections were ruled upon by the trial court, the magistrate filed a second

decision on January 14, 2011, granting summary judgment for Harvest Land on the Horas' counterclaims for breach of contract and unjust enrichment. No objections were filed to that decision, which on July 7, 2011 was adopted by the trial court as its own order.

On August 1, 2011, the magistrate filed a third decision, awarding Harvest Land a judgment for $25,062.50 on its claim for attorney's fees. Objections to that decision were filed by both Harvest Land and the Horas.

On February 6, 2012, the trial court overruled the objections the Horas filed to the summary judgment for Harvest Land in the amount of $106,876.15, plus interest, and the court adopted the magistrate's decision on that matter as the court's order. The court also overruled the objections the parties filed to the magistrate's decision with respect to attorneys' fees for lack of a transcript.[2]

On March 9, 2012, the Horas filed a notice of appeal from the trial court's final order of February 6, 2012. Harvest Land filed a notice of cross-appeal from that same final order.

(Footnotes added.)  *Id.* at ¶ 2-11.

**{¶ 3}** On December 14, 2012, we reversed the trial court's decision denying the Horas' counterclaim for an accounting. The matter was remanded solely for further proceedings on the claim for an accounting. The trial court's decision was affirmed in all

---

[2] Of relevance hereto, but not mentioned in *Hora I*, following the filing of the judgment in its favor, Harvest Land caused an R.C. 2329.02 certificate of judgment lien to be filed with the Clerk of Courts of Montgomery County, Ohio.  *See* 2012 CJ 183311.

other respects. *Id.* at ¶ 96.

**{¶ 4}** On remand, the Horas filed a motion for leave to amend their counterclaim to assert a claim for fraud. The motion was overruled on August 20, 2013. A trial on the accounting was conducted in September 2013. On December 2, 2013, the magistrate entered a decision in which it reduced the amount due on the promissory note to $89,307.15 due to a mistake in the account charges as well as an error related to the interest charged on the account. The magistrate also noted that the Horas were entitled to a credit of $3,433.64 for payments made on the promissory note.

**{¶ 5}** Hora filed objections to the magistrate's decision. They also filed a Civ.R. 60(B) motion for relief from the magistrate's original 2010 decision. On April 11, 2014, the trial court overruled the objections to the magistrate's decision. On April 15, 2014, the trial court overruled the motion for Civ.R. 60(B) relief from judgment. Thereafter, the previously filed certificate of judgment was amended to reflect the reduction in the judgment amount.

**{¶ 6}** Hora filed separate, timely notices of appeal from each decision. The appeals were consolidated in July 2014. In August 2014, Hora, acting pro se, filed his appellate brief. Harvest Land then filed its brief. Thereafter, Hora retained counsel who filed a motion seeking to amend Hora's previously-filed brief. In the motion, counsel indicated it was necessary to properly format the brief and that the arguments required clarification and consolidation. The motion was granted, and an amended brief was filed on December 17, 2014.

**{¶ 7}** In March 2015, Hora and his wife filed for bankruptcy protection. Thereafter,

this court filed an order staying the appeal pending the completion of the bankruptcy action. The stay was lifted on September 8, 2021, following notification that the bankruptcy action had been resolved. On October 14, 2021, we ordered the parties to file supplemental briefing regarding the sole issue of whether the discharge in the bankruptcy case rendered this appeal moot.

{¶ 8} On November 15, 2021, Hora filed a document entitled "Amended Brief of Appellant Frankie J. Hora." At the beginning of the document, Hora set forth a one-page statement of his basis for claiming this appeal is not moot. However, the remaining 34 pages of the document appear to be a restatement of the appellate brief filed by Hora in August 2014 prior to retaining counsel.

{¶ 9} On February 24, 2022, this court entered an order requiring Harvest Land to file its supplemental brief addressing the issue of mootness. Hora filed an objection to that order which was subsequently overruled. In the interim, it was discovered that counsel for Harvest Land had passed away during the bankruptcy stay, but all post-bankruptcy filings had continued to be mailed to counsel. It was further discovered that Harvest Land had merged with another company. Notice was provided to the new corporate entity. On March 10, 2022, Harvest Land, through new counsel, filed a motion for enlargement of time in which to file its supplemental brief. The motion was granted, and Harvest Land filed a supplemental brief on April 5, 2022. Hora filed a motion to strike the brief. The motion was overruled, but Hora was permitted to file a responsive brief, which he filed on April 20, 2022. This matter is now ripe for review.

## II.     Discharge in Bankruptcy Renders Appeal Moot

{¶ 10} Before we address the merits of the arguments raised in Hora's appellate brief, we must determine whether this matter has been rendered moot by the discharge in the bankruptcy action.

{¶ 11} The doctrine of mootness is founded upon the "long and well established [premise] that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect." *State v. Muwwakkil*, 2d Dist. Clark No. 2018-CA-37, 2018-Ohio-4443, ¶ 6, quoting *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970). Courts have no duty "to decide purely academic or abstract questions." *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791, 600 N.E.2d 736 (10th Dist.1991), citing *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910). Thus, a court "will not decide * * * cases in which there is no longer any actual controversy." *Heartland of Urbana, OH, L.L.C. v. McHugh Fuller Law Group, P.L.L.C.*, 2016-Ohio-6959, 72 N.E.3d 23, ¶ 36, citing *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37, quoting *Black's Law Dictionary* 1100 (9th Ed.2009).

{¶ 12} Hora filed for bankruptcy protection under the auspices of Chapter 12 of the United States Bankruptcy Code, which "was enacted in November 26, 1986 to provide family farmers with regular annual income to stay in possession of the farm while obtaining court approval of a debt readjustment plan. Chapter 12 combines elements of Chapter 11 reorganizations and Chapter 13 Wage Earner Plans with a number of provisions unique to farm bankruptcies." *Mercer Sav. Bank v. Fullenkamp*, 116 Ohio

App.3d 647, 649, 688 N.E.2d 1111, fn. 6 (3d Dist.1996). There is no dispute that Harvest Land filed a timely proof of claim in which it asserted that it held secured creditor status based upon the lien created by the certificate of judgment filed with the Montgomery County Clerk of Court. In its filings with the bankruptcy court, Harvest Land claimed it was owed $146,759.02. However, only $50,000, plus interest, was allowed under the bankruptcy plan. Ultimately, the bankruptcy trustee paid Harvest Land $59,126. An order of discharge was granted to the Horas and filed of record on May 13, 2021. Harvest Land asserts that the order of discharge specifically states that the certificate of judgment, recorded at 2012 CJ 183311, "shall be deemed satisfied and released of record."

{¶ 13} Hora does not dispute that the debt and certificate of judgment were discharged in the bankruptcy action, and he does not dispute that he no longer owes any monies to Harvest Land. Instead, he claims that this appeal is not moot and should be decided under the exceptions to the mootness doctrine.

{¶ 14} We recognize that the mootness doctrine does have limited exceptions that, when present, allow review. One such exception involves issues that are "capable of repetition, yet evading review." *State ex rel. Plain Dealer Pub. Co. v. Barnes*, 38 Ohio St.3d 165, 527 N.E.2d 807 (1988), paragraph one of the syllabus. "This exception applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Lund v. Portsmouth Local*

*Air Agency*, 10th Dist. Franklin No. 14AP-60, 2014-Ohio-2741, ¶ 8, quoting *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231, 729 N.E.2d 1182 (2000). "[T]here must be more than a theoretical possibility that the action will arise again." *Id.*, citing *Robinson v. Indus. Comm.*, 10th Dist. Franklin No. 04AP-1010, 2005-Ohio-2290, ¶ 8, quoting *James A. Keller, Inc.*, 74 Ohio App.3d 788, 792, 600 N.E.2d 736. "An injury is not deemed capable of repetition merely because someone, at sometime [sic], might suffer the same harm; there must be a reasonable chance that it will happen again to the complaining party." *Heartland of Urbana OH, L.L.C.*, 2016-Ohio-6959, 72 N.E.3d 23, ¶ 39, quoting *Village of W. Unity ex rel. Beltz v. Merillat*, 6th Dist. Williams No. WM-03-016, 2004-Ohio-2682, ¶ 16, citing *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975).

**{¶ 15}** Hora does not suggest that this type of action -- a complaint to enforce a promissory note -- is by its nature too short in duration to be fully litigated before its cessation. Indeed, notwithstanding the time on appeal and the bankruptcy stay, this action was pending in the trial court for over four years. Thus, we cannot conclude this debt collection action has been of too short a duration to fully litigate the issues raised therein. Also, there is no evidence, and Hora has not demonstrated, that there is any reasonable expectation that he will be subject to the same action again. There is no evidence that Hora remains a member or utilizes the services of Harvest Land. And there is no evidence that Harvest Land maintains the same business practices it had before it merged with another company. Thus, we cannot say there is a reasonable chance that the same sequence of events that occurred in this case will occur again.

Therefore, we find no merit in Hora's claim that the "capable of repetition yet evading review" exception is applicable.

{¶ 16} In reference to other exceptions to the mootness doctrine, we note that "[an appellate] court may hear the appeal where there remains a debatable constitutional question to resolve, or where the matter appealed is one of great public or general interest." *State ex rel. White v. Kilbane Koch*, 96 Ohio St.3d 395, 2002-Ohio-4848, 775 N.E.2d 508, ¶ 16, quoting from *Franchise Developers, Inc. v. Cincinnati*, 30 Ohio St.3d 28, 505 N.E.2d 966 (1987). However, this record is devoid of anything to suggest either of these exceptions are applicable to this case.

{¶ 17} Finally, Hora argues that the appeal is not moot because the failure to determine the merits of the case will result in secondary legal consequences. In support, he claims that Harvest Land will continue to make fraudulent charges and impose improper interest rates if this appeal is not decided on the merits.

{¶ 18} We presume that Hora refers to the "collateral consequences" exception, which the Supreme Court of Ohio has recognized as existing in civil and criminal cases where "the collateral consequence is imposed as a matter of law." *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9. However, the court also stated in *Cyran* that "[s]peculation is insufficient to establish a legally cognizable interest for which a court can order relief using the collateral-consequences exception to the mootness doctrine." *Id.* at ¶ 11. Likewise, this court has stated, "[a] collateral disability must be a substantial, individualized impairment, and a purely hypothetical statement, about what might occur in the future is not sufficient to give viability to an otherwise moot appeal."

*Cyran v. Cyran*, 2016-Ohio-7323, 63 N.E.3d 187, ¶ 7-8 (2d Dist.), *aff'd,* 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 7-8. Hora fails to identify any collateral consequences which will occur by operation of law. Further, the claims that the company will make future fraudulent charges and/or impose improper interest charges are purely speculative, and thus insufficient to overcome the mootness doctrine.

{¶ 19} Finally, although not raised in the context of collateral legal consequences, Hora claims he was denied a loan due to the existence of the certificate of judgment lien. However, he has submitted no evidence to support a finding that the lien was the basis for the denial of the loan. It is just as likely the loan was denied due to the bankruptcy filing or to a lack of sufficient collateral. In any event, we will not speculate as to the possibility that the certificate of judgment may result in the denial of future loan requests. Further, given the resolution of the bankruptcy case, Hora has the ability to petition the trial court for a notice of satisfaction and release regarding the certificate of judgment. In other words, any claim that the certificate of judgment will cause collateral consequences is without merit as Hora has a mechanism for voiding the lien.

{¶ 20} We conclude that any issues of whether the trial court properly denied Hora's motion for Civ.R. 60(B) relief and whether it correctly determined the issue of the accounting on the subject promissory note have been rendered moot because Hora's debt, memorialized by the promissory note, was discharged in the federal bankruptcy court proceedings. Hora has failed to dispute that discharge and has failed to demonstrate the applicability of any of the exceptions to the mootness doctrine. Therefore, we need not address the issues raised in his appellate brief.

### III.     Conclusion

**{¶ 21}** Because Hora's claims on appeal are moot, this appeal is dismissed.


. . . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.


Copies sent to:

Maura J. Hoff
Frankie J. Hora
Hon. Dennis J. Adkins