[Cite as *Gulf Equity Invests., L.L.C. v. Clifton*, 2024-Ohio-2829.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

|  |  |  |
|---|---|---|
| GULF EQUITY INVESTMENTS LLC | : | |
| Appellee | : | C.A. No. 2023-CA-74 |
| v. | : | Trial Court Case No. 23CVG03012 |
| CHARLES CLIFTON, BARBARA CLIFTON, ET AL. | : | (Civil Appeal from Municipal Court) |
| Appellants | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on July 26, 2024

. . . . . . . . . . .

JARED A. WAGNER, Attorney for Appellant

JAMES E. HEATH, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendants-appellants Charles and Barbara Clifton appeal from the trial court's judgment granting plaintiff-appellee, Gulf Equity Investments, LLC, restitution of the premises located at 2480 Arthur Road in Springfield. They contend that the trial court

erred in accepting affidavits in place of live testimony at the eviction trial. Because we find the appeal is moot, this appeal will be dismissed.

## I. Factual and Procedural History

{¶ 2} In early October 2023, Gulf Equity acquired the rural property located at 2480 Arthur Road at a sheriff's sale in an in rem tax foreclosure case. The property had been owned by Range AG Land LLC, but the Cliftons resided at the property and kept livestock and other animals there. On October 11, Robert Wise, on Gulf Equity's behalf, posted on the gates at the property a three-day notice for the Cliftons and any others to vacate.

{¶ 3} On October 16, 2023, Gulf Equity filed a forcible entry and detainer action, seeking restitution of the property. A hearing was scheduled for November 8. The record reflects that Charles Clifton appeared and requested time to retain counsel. Clifton apparently claimed that he lacked notice of the foreclosure proceedings which led to the sale of the property. The hearing was rescheduled for November 15. On November 14, Clifton again moved for a continuance, stating that he had been unable to secure counsel in Clark County. A hearing before a magistrate was then scheduled for November 22, 2023.

{¶ 4} The Cliftons did not appear for the November 22 eviction hearing. The attorney for Gulf Equity appeared on its behalf. Gulf Equity's attorney told the court that he had affidavits from a representative of Gulf Equity and the process server. After confirming that the action concerned residential property and that the October 11 statutory notice had been served, the magistrate stated that he would issue a writ of restitution forthwith. The magistrate issued a decision finding that Gulf Equity was entitled to a writ

of restitution. The trial judge entered a judgment of restitution the same day.

{¶ 5} Clifton later left a letter on the gates of the property, notifying the sheriff's office that they had "departed the property as advised by our Attorney," although their belongings and animals/livestock remained. Clifton indicated that the new owner had spoken to the Cliftons' attorney and had permitted the Cliftons to tend to their livestock and remove their property when/if appropriate. Clifton made clear that he was not intending to abandon his personal or business property.

{¶ 6} Municipal court bailiffs and Clark County deputies went to the property to execute the writ of restitution on December 4, 2023. They found Clifton's letter and confirmed that no one was home. The home was full of belongings and numerous animals remained at the farm. The officers posted "no trespassing" signs.

{¶ 7} The Cliftons appeal the trial court's November 22, 2023 judgment, raising one assignment of error.

## II. Analysis

{¶ 8} In their sole assignment of error, the Cliftons claim that "the trial court committed reversible error by granting [Gulf Equity] restitution without requiring the presentation of live evidence and based solely on affidavits." Gulf Equity responds that, because the Cliftons have vacated the property, the appeal should be dismissed as moot. In their reply brief, the Cliftons agree that they have vacated the property, but they assert that adverse collateral consequences preclude application of the mootness doctrine. Specifically, the Cliftons claim to be the rightful owners of the property on the ground that Gulf Equity's ownership interest is based on an invalid foreclosure sale.

**{¶ 9}** The "role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 2018-Ohio-24, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970). Thus, when the parties to an action " 'lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.*, quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Conversely, "if an actual controversy exists because it is possible for a court to grant the requested relief, the case is not moot, and a consideration of the merits is warranted." (Citations omitted.) *State ex rel. Gaylor, Inc. v. Goodenow*, 2010-Ohio-1844, ¶ 11. An "appellate court need not consider an issue, and will dismiss the appeal, when [it] becomes aware of an event that has rendered the issue moot * * *." *Cincinnati Gas & Elec. Co. v. Pub. Util. Comm.*, 2004-Ohio-5466, ¶ 15, citing *Miner v. Witt*, 82 Ohio St. 237, 238 (1910*); see also Townsend v. Antioch Univ.*, 2009-Ohio-2552, ¶ 8 (2d Dist.), citing *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133 (1991). We conclude that the pending appeal is moot. As such, it must be dismissed.

**{¶ 10}** "A forcible entry and detainer action decides the right to immediate possession of property and 'nothing else.' " *Miami Valley Housing v. Jackson*, 2012-Ohio-5103, ¶ 5 (2d Dist.), quoting *Goldstein v. Patel*, 2003-Ohio-4386, ¶ 4 (9th Dist.), quoting *Seventh Urban, Inc. v. University Circle Property Dev., Inc.*, 67 Ohio St.2d 19, 25, fn. 11 (1981). Because the only issue is the complainant's right to immediate possession, once the tenant or occupier vacates the property, the case becomes moot. *Wise v. Webb*, 2015-Ohio-4298, ¶ 12 (2d Dist.), citing *Cherry v. Morgan*, 2012-Ohio-3594, ¶ 4 (2d Dist.). This is so because, when the occupier moves from the property, the reason for the action

(immediate possession) has been accomplished. *Art Paradise, Inc. v. Washington*, 2021-Ohio-4586, ¶ 4 (2d Dist.).

{¶ 11} The only way an occupier can avoid the mootness conclusion in this situation is set forth in R.C. 1923.14(A), which allows a tenant, pending appeal, to retain, or even recover, possession of the property by seeking a stay of the restitution order and posting a supersedeas bond. *Wise* at ¶ 12, citing *Cherry* at ¶ 5.

{¶ 12} Here, the Cliftons do not contest that they have vacated the property. Moreover, they did not seek a stay of the trial court's order of restitution or post a supersedeas bond.

{¶ 13} We recognize that the mootness doctrine does have limited exceptions that, when present, allow review. *Harvest Land Co-Op, Inc. v. Hora*, 2022-Ohio-2375, ¶ 14 (2d Dist.). In their reply brief, the Cliftons refer to the collateral-consequences exception to the mootness doctrine, asserting that Gulf Equity did not properly obtain title to the farm property. However, the collateral-consequences exception to mootness applies in cases in which the collateral consequence is imposed as a matter of law. *Cyran*, 2018-Ohio-24, at ¶ 9; *Hora* at ¶ 18. The Cliftons have not identified any such consequences. Based on the record before us, this appeal is moot.

### III. Conclusion

{¶ 14} This appeal will be dismissed.

. . . . . . . . . . . . .

EPLEY, P.J. and WELBAUM, J., concur.