[Cite as *Richart v. Greenlee*, 2024-Ohio-4509.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| ANN RICHART | : | |
| | : | |
| Appellant | : | C.A. No. 30037 |
| | : | |
| v. | : | Trial Court Case No. 2023 CV 06238 |
| | : | |
| KIEL GREENLEE, ET AL. | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on September 13, 2024

. . . . . . . . . . .

JARED A. WAGNER, Attorney for Appellant

KIEL GREENLEE, Pro Se Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Ann Richart appeals from two judgments of the Montgomery County Court of Common Pleas, which vacated the order of restitution in her eviction action and returned possession of her rental property to Kiel and Angela Greenlee ("the Greenlees"). For the following reasons, the trial court's judgments will be vacated, and the matter will be

remanded for the trial court to immediately reinstate the writ of restitution.

## I. Facts and Procedural History

{¶ 2} Richart is the owner of residential property located at 8710 Meadowcreek Drive in Centerville. According to Richart, the Greenlees contracted to lease the property from November 4, 2022, to October 31, 2023. The lease would automatically renew each year for a period of three years unless either party gave written notice at least 30 days prior to the end of the lease term.

{¶ 3} On September 26, 2023, Richart provided written notice that she would not be renewing the lease. However, the Greenlees did not move out by October 31, 2023. Accordingly, on November 1, 2023, Richart served a three-day notice to vacate the premises. The Greenlees refused to leave.

{¶ 4} On November 20, 2023, Richart filed a complaint against the Greenlees for eviction, seeking restitution of the premises and damages related to their breach of contract and, alternatively, for unjust enrichment. She alleged that they had made it impossible for her to determine whether damage, waste, or deterioration had occurred. Richart also named Gloria Greenlee, a cosigner of the lease, as a defendant. Richart attached to her complaint a copy of the lease agreement with a condition inventory checklist (Exhibit A), the notice of termination of lease and 30-day notice to vacate (Exhibit B), and the three-day notice to leave the premises (Exhibit C). A hearing before a magistrate was scheduled for December 12, 2023.

{¶ 5} On December 7, 2023, the Greenlees filed a motion to dismiss, pursuant to Civ.R. 12(B)(1). They also sought a continuance of the December 12 hearing due to

Gloria's unavailability. The magistrate denied the request for a continuance and indicated that any issue regarding subject matter jurisdiction would be addressed at the hearing.

{¶ 6} The December 12 hearing proceeded as scheduled with Richart and the Greenlees each testifying. Richart supported her testimony with her three exhibits, which the magistrate admitted into evidence. After all the evidence had been presented, the magistrate orally overruled the motion to dismiss, finding that the court had subject matter jurisdiction. She also orally found that a lease agreement existed between the parties, the lease was not renewed by Richart, notice of nonrenewal was provided, the proper statutory notices were given, and Richart had not accepted rent for the premises. The magistrate granted restitution of the premises to Richart. She emphasized to the Greenlees that her order did not mean that they were bad tenants or had done anything wrong.

{¶ 7} At the conclusion of the hearing, Kiel Greenlee asked the magistrate when he could "expect her decision so I can make proper preparations." The magistrate responded, "This is an eviction. You will not receive a decision."

{¶ 8} The following day, December 13, a "proposed order and entry granting restitution" was filed. It stated, in its entirety:

This matter comes before the Court pursuant to Plaintiff's Complaint seeking restitution of the home located at 8710 Meadowcreek Drive, Dayton, Ohio 45458 (the "Premises"). A hearing on this claim was held on December 12, 2023 at 1:30 p.m. and, based upon the information,

testimony, and evidence presented at that hearing, this Court finds that the claims of Plaintiff are well stated and that it is the true and sole legal owner of the Premises. Accordingly, Plaintiff is entitled to immediate restitution and replevin of the Premises and a writ of restitution delivering it immediate possession of the Premises should be entered forthwith. Costs of this action shall be taxed to Defendant and the matter shall be set for a hearing on Count Two of Plaintiff's Complaint regarding damages, if any, with such hearing to be scheduled at a reasonable time after Plaintiff has retaken possession of the Premises. The Clerk shall cause a copy of this Order and Entry to be filed and served upon all parties of record, as well as the Montgomery County Sheriff's Office, with notice of such service noted on the docket.

IT IS SO ORDERED.

The order was not signed by the magistrate. Rather, it was electronically signed by a common pleas court judge, albeit not the judge assigned to the case.

{¶ 9} On December 18, Richart's counsel filed a praecipe for a writ of restitution. The writ was issued that day.

{¶ 10} Two days later, the Greenlees filed objections to "the Magistrate's Report and Recommendation, filed on December 13, 2023." They argued that their neighbor, Anthony Perez, had made several unfounded complaints against them to the Montgomery County Sheriff's Office, but Richart had elected to renew his lease. The Greenlees claimed that the nonrenewal of their lease was discriminatory, and they discussed a

lawsuit they had filed against Richart before Richart filed her eviction action. The Greenlees raised two objections: (1) the magistrate erred in denying their Civ.R. 12(B)(1) motion to dismiss and in failing to take judicial notice of their action filed against Richart, and (2) the magistrate abused her discretion in denying the motion for a continuance. They attached numerous exhibits to their objections.

{¶ 11} On December 26, the Greenlees sought a stay of the writ of restitution, pending a ruling on their objections, and asked the court to vacate the writ. They alleged several procedural errors regarding the December 13 order, including that it did not comply with applicable Rules of Civil Procedure, they were never served with the order, and the magistrate's ruling was based on bias and misconduct. They also raised issues involved in their case against Richart, noting that they planned to move for summary judgment on their claims.

{¶ 12} Richart opposed the motion to stay on several grounds. She argued that a prior breach of contract action by a tenant does not prevent a landlord from proceeding with a later eviction action. She further asserted that the Greenlees' objections were "inappropriate and void," because the December 13 order was not a magistrate's decision; their remedy was a timely appeal. Finally, Richart noted that, under Civ.R. 58(B), the order of restitution was valid even if it had not been served on the Greenlees.

{¶ 13} On December 28, 2023, the trial court granted the motion to stay. It vacated the December 13 order and writ of restitution and stayed the matter pending a decision on the summary judgment in *Greenlee v. Richart*, Montgomery C.P. No. 2023 CV 5818, ostensibly to avoid conflicting judgments between the two cases.

{¶ 14} The next day, the Greenlees filed a "motion for emergency relief," seeking the immediate right to repossess the Meadowcreek property. They indicated that the writ of restitution gave them until 8:00 a.m. on December 28, 2023, to vacate the premises, and they had removed the majority of their possessions on the morning of December 28. After receiving the court's judgment vacating the writ, the Greenlees had reached out to Richart's counsel to obtain the keys to the premises, but the attorney reportedly responded that they had voluntarily vacated the property and no longer had the right to possess it. The Greenlees argued that the issue was not moot, given that the judgment and writ were vacated a matter of hours after they left the property. The trial court promptly granted their motion.

{¶ 15} Richart appeals from the trial court's December 28 and 29, 2023 judgments, raising one assignment of error.[1]

## II. Analysis

{¶ 16} In her sole assignment of error, Richart claims that the trial court committed reversible error by vacating the order of restitution and granting recovery of the rental property to the Greenlees. She asserts that the order of restitution was a final appealable order and there was no basis for the trial court to vacate it. If the Greenlees wished to challenge the order, Richart argues, the proper procedure would have been to file a timely appeal and post a supersedeas bond. She further contends that once the Greenlees vacated the property on December 28, 2023, the matter became moot.

---

[1] The Greenlees have filed a motion to dismiss the appeal for lack of jurisdiction and fraud on the court. Upon consideration, we conclude that their arguments lack merit. Accordingly, the motion is overruled.

{¶ 17} "A forcible entry and detainer action is a statutory proceeding used to determine the right to present possession of real property." *Disher v. Bannick*, 2021-Ohio-1331, ¶ 11 (2d Dist); *Miami Valley Hous. v. Jackson*, 2012-Ohio-5103, ¶ 5 (2d Dist.); *see* R.C. 1923.01. It is intended to serve as an expedited mechanism by which an aggrieved landlord may recover possession of the property. *Miele v. Ribovich*, 90 Ohio St.3d 439, 441 (2000).

{¶ 18} A judgment on a forcible entry and detainer action is immediately appealable as arising from a special proceeding. *See, e.g., Cerise Capital LLC v. Dewberry*, 2022-Ohio-1874, ¶ 8 (2d Dist.); *Sholiton Industries, Inc. v. Royal Arms, Ltd.*, 1999 WL 355898, *8 (2d Dist. June 4, 1999). Although often filed together, a claim for damages is a distinct action, and a pending claim for damages does not affect the finality of the judgment in a forcible entry and detainer action. *See Mehta v. Johnson*, 2022-Ohio-3934, ¶ 12 (1st Dist.); *Cuyahoga Metro. Hous. Auth. v. Jackson*, 67 Ohio St.2d 129, 132 (1981) (superseded on other grounds).

{¶ 19} Richart's forcible entry and detainer action was referred to a magistrate, so we begin with Civ.R. 53's general requirements.

{¶ 20} The Ohio Rules of Civil Procedure require a magistrate to "prepare a magistrate's decision respecting any matter referred under Civ.R. 53(D)(1)." Civ.R. 53(D)(3)(a)(i). *See also* Montgomery Co. C.P.R. 6.14(C) (requiring a magistrate's decision after a hearing or trial). A magistrate's decision must be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the

decision is filed.   Civ.R. 53(D)(3)(a)(iii).   Specific language regarding objections must be included in the decision.   *See id.*   The magistrate may issue a general verdict, but the parties may request findings of fact and conclusions of law within seven days of the filing of the decision.   Civ.R. 53(D)(3)(a)(ii).

{¶ 21} A party must file written objections to a magistrate's decision within 14 days of the filing of the decision.   Civ.R. 53(D)(3)(b).   Objections to factual findings must be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available.   Civ.R. 53(D)(3)(b)(iii).   The trial court may enter judgment either during the 14-day period for filing objections or after the 14 days have expired.   Civ.R. 53(D)(4)(e)(i).

{¶ 22} The Rules of Civil Procedure do not apply to forcible entry and detainer actions to the extent that they would, by their nature, be clearly inapplicable.   Civ.R. 1(C). Prior to 1995, the Ohio Supreme Court concluded that certain rules governing referees did not apply.   *See Jackson*, 67 Ohio St.2d at 130 (rules requiring referee report with factual findings were inapplicable); *State ex rel. GMS Mgt. Co. v. Callahan*, 45 Ohio St.3d 51, 55 (1989) ("there should, as a general rule, be no necessity for trial judges to delay their judgments while developing findings of fact and conclusions of law pursuant to Civ.R. 52"); *Colonial Am. Dev. Co. v. Griffith*, 48 Ohio St.3d 72 (1990), syllabus (automatic stay provision of Civ.R. 53(E)(7) was inapplicable to forcible entry and detainer actions).

{¶ 23} In *Miele*, the supreme court recognized that the 1995 amendments to Civ.R. 53 eliminated several time-consuming procedures.   It noted that "the current provisions authorizing a magistrate to prepare a decision without factual findings and enabling the

trial court to adopt the magistrate's decision without conducting an independent analysis are wholly consistent with the summary nature of forcible entry and detainer proceedings." *Miele*, 90 Ohio St.3d at 444. The court thus held that the 1995 amendments addressed the need for efficiency that forcible entry and detainer actions required, and the rules "provide trial courts with a framework that enables them to render expedited judgments in cases where neither party files objections to the magistrate's decision."[2] *Id*. With some additional modifications, that framework is now generally embodied in Civ.R. 53(D).

**{¶ 24}** We see no reason why the requirement to prepare a written magistrate's decision would be inapplicable to forcible entry and detainer actions. *Miele* supports this conclusion. We previously commented that the objection provisions in Civ.R. 53 "create a procedural quagmire when applied to a forcible entry and detainer proceeding – proceedings which are supposed to be summary in nature." *Kettering Square Apts v. Crawford*, 2017-Ohio-9054, ¶ 10 (2d Dist.). However, we have continued to apply the objection provisions to eviction actions. *See Huber Hts. Veterans Club, Inc. v. Grande Voiture d'Ohio La Societe des 40 Hommes et 8 Chevaux*, 2021-Ohio-2695, ¶ 27 (2d Dist.); *Biltmore Tower Apts v. Dalton*, 2018-Ohio-2963, ¶ 11 (2d Dist.).

**{¶ 25}** In this case, the magistrate conducted a hearing on Richart's eviction claim on December 12, 2023, but told Kiel Greenlee at its conclusion that no decision would be provided. The Civil Rules required the magistrate to file a written magistrate's decision following the hearing on Richart's claim for restitution of the premises. We emphasize that "a court speaks only through its journal entries, not through its oral pronouncements."

---

[2] *Miele* expressly stated that it did not affect the holdings in *Griffith* and *Callahan*.

*State v. Smith*, 2015-Ohio-700, ¶ 10 (2d Dist.); *State v. Henderson*, 2020-Ohio-4784, ¶ 39 ("A trial court speaks through its journal entry."), citing *State v. Hampton*, 2012-Ohio-5688, ¶ 15.

**{¶ 26}** The "proposed order and entry granting restitution," which appears to have been prepared by Richart's counsel, was filed on December 13, the day after the hearing. Nothing in the order identified it as a magistrate's decision, nor did it contain any of the language that Civ.R. 53(D)(3)(a)(iii) requires magistrate's decisions to include. Most importantly, the December 13 order was signed by the trial court, not the magistrate. Consequently, the December 13 order was the judgment on Richart's forcible entry and detainer action, and it was immediately appealable, as Richart claims. It makes no difference that the order of restitution was signed by a different judge than the one assigned to the case; although the record does not reflect why this happened, it is permitted by the court's local rules. *See* Montgomery Co. C.P.R. 5.05 (unavailability of assigned judge).

**{¶ 27}** The Greenlees construed the December 13 "proposed order and entry granting restitution" as a magistrate's decision and filed objections under Civ.R. 53. In the absence of a magistrate's decision, those objections had no legal effect. Even if we were to construe the objections as a Civ.R. 60(B) motion, their arguments were not appropriate for such a motion. When the movant "merely reiterates arguments that concern the merits of the case and that could have been raised on appeal," relief under Civ.R. 60(B) is not available. *Deutsche Bank Tr. Co. Ams. v. Ziegler,* 2015-Ohio-1586, ¶ 56 (2d Dist.), quoting *Blount v. Smith*, 2012-Ohio-595, ¶ 9 (8th Dist.). It is well

established that Civ.R. 60(B) cannot be used as a substitute for appeal. *E.g.*, *Planchak v. Ladd*, 2023-Ohio-1836, ¶ 26 (2d Dist.).

**{¶ 28}** The trial court lacked the authority to vacate the restitution order sua sponte. A trial court "retains jurisdiction to reconsider its interlocutory orders, either sua sponte or upon motion, any time before it enters final judgment in the case." *Nilavar v. Osborn*, 137 Ohio App.3d 469, 499 (2d Dist. 2000); *Union Sav. Bank v. Washington*, 2019-Ohio-3203, ¶ 31 (2d Dist.). However, the Ohio Rules of Civil Procedure do not provide authority for a court to reconsider its valid final judgments. *E.g., Casey v. Casey*, 2024-Ohio-1808, ¶ 18 (2d Dist.); *Tucker v. Pope*, 2010-Ohio-995, ¶ 25 (2d Dist.) ("[A]ny order that a trial court enters on a motion for reconsideration is a legal nullity.").

**{¶ 29}** Finally, R.C. 1923.14(A) provides the mechanism for a tenant to obtain a stay of the restitution order or to prevent the matter from becoming moot after eviction. The statute allows a tenant to retain or recover possession of the property by filing a timely notice of appeal, seeking a stay of the restitution order, and posting a supersedeas bond. *Gulf Equity Invests. LLC v. Clifton*, 2024-Ohio-2829, ¶ 11 (2d Dist.); *Wise v. Webb*, 2015-Ohio-4298, ¶ 12; *Cherry v. Morgan*, 2012-Ohio-3594, ¶ 5 (2d Dist.). With the procedural posture of this case, the trial court erred in staying the restitution order.

**{¶ 30}** Richart's assignment of error is sustained.

### III. Conclusion

**{¶ 31}** The trial court's December 28 and 29, 2023 judgments will be vacated, and the matter will be remanded for the trial court to immediately reinstate the writ of restitution.

. . . . . . . . . . . . .

EPLEY, P.J. and HUFFMAN, J., concur.