**[Cite as *Century 21 v. O'Malley*, 2024-Ohio-4809.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| CENTURY 21 | : | |
| | : | |
| Appellee | : | C.A. No. 30019 |
| | : | |
| v. | : | Trial Court Case No. 2023 CVG 01272 E |
| | : | |
| TERESA O'MALLEY ET AL. | : | |
| | : | (Civil Appeal from Municipal Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on October 4, 2024

. . . . . . . . . . .

ANDREW M. ENGEL, Attorney for Appellant

STEVEN C. KATCHMAN, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Teresa O'Malley appeals from the trial court's judgment granting plaintiff-appellee Century 21 - The Gene Group ("Century 21") restitution of the

residential premises located at 5923 Kevin Drive in Dayton. Because we conclude this matter is moot, this appeal will be dismissed.

## I. Factual and Procedural History

{¶ 2} On October 4, 2023, Century 21 filed a complaint for forcible entry and detainer against O'Malley; the complaint alleged non-payment of rent and sought restitution of the property. The record indicates that O'Malley was properly served. A hearing was conducted, but O'Malley failed to appear. On October 19, 2023, the magistrate issued a decision finding that Century 21 was entitled to restitution.

{¶ 3} On November 1, 2023, O'Malley filed objections to the magistrate's decision. On December 12, 2023, the trial court overruled the objections and adopted the decision of the magistrate.

{¶ 4} O'Malley appeals.

## II. Discussion

{¶ 5} Although not expressly designated as assignments of error, O'Malley sets forth two arguments in support of her appeal. First, she contends that the municipal court lacked jurisdiction over this matter because a rental payment was accepted by the landlord after service of the three-day notice required by R.C. 1923.04. She further argues that the trial court committed reversible error by granting restitution in reliance on an affidavit rather than live evidence. Century 21 responds that, because O'Malley is no longer occupying the residence, the appeal should be dismissed as moot.

**{¶ 6}** Very recently, we addressed a similar issue in *Gulf Equity Invests. LLC v. Clifton*, 2024-Ohio-2829 (2d Dist.), wherein we stated:

> The "role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 2018-Ohio-24, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970). Thus, when the parties to an action " 'lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.*, quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Conversely, "if an actual controversy exists because it is possible for a court to grant the requested relief, the case is not moot, and a consideration of the merits is warranted." (Citations omitted.) *State ex rel. Gaylor, Inc. v. Goodenow*, 2010-Ohio-1844, ¶ 11. An "appellate court need not consider an issue, and will dismiss the appeal, when [it] becomes aware of an event that has rendered the issue moot . . . ." *Cincinnati Gas & Elec. Co. v. Pub. Util. Comm.*, 2004-Ohio-5466, ¶ 15, citing *Miner v. Witt*, 82 Ohio St. 237, 238 (1910); *see also Townsend v. Antioch Univ.*, 2009-Ohio-2552, ¶ 8 (2d Dist.), citing *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133 (1991). We conclude that the pending appeal is moot. As such, it must be dismissed.

> "A forcible entry and detainer action decides the right to immediate possession of property and 'nothing else.' " *Miami Valley Housing v. Jackson*, 2012-Ohio-5103, ¶ 5 (2d Dist.), quoting *Goldstein v. Patel*, 2003-Ohio-4386, ¶ 4 (9th Dist.), quoting *Seventh Urban, Inc. v. University Circle*

*Property Dev.*, Inc., 67 Ohio St.2d 19, 25, fn. 11 (1981). Because the only issue is the complainant's right to immediate possession, once the tenant or occupier vacates the property, the case becomes moot. *Wise v. Webb*, 2015-Ohio-4298, ¶ 12 (2d Dist.), citing *Cherry v. Morgan*, 2012-Ohio-3594, ¶ 4 (2d Dist.). This is so because, when the occupier moves from the property, the reason for the action (immediate possession) has been accomplished. *Art Paradise, Inc. v. Washington*, 2021-Ohio-4586, ¶ 4 (2d Dist.).

*Id.* at ¶ 9-10.

{¶ 7} A tenant can avoid a conclusion that such a case is moot is by obtaining a stay and posting a supersedeas bond, if required. R.C. 1923.14(A); *Art Paradise* at ¶ 5.

{¶ 8} There is no dispute that O'Malley has been removed from the premises and that she did not obtain a stay. Thus, the issue before us has been rendered moot. However, O'Malley argues this case presents an exception to the mootness doctrine because it involves a "matter of great public or general interest." *State ex rel. White v. Kilbane Koch*, 2002-Ohio-4848, ¶ 16. O'Malley claims other individuals in her position could be subjected to the same type of proceeding and wrongly deprived of their rights if we fail to correct the trial court's error. The focus of this argument is her claim that the trial court erred procedurally when it accepted an affidavit as evidence in this case rather than requiring live testimony.

{¶ 9} We find this argument unavailing. Even assuming the trial court erred, O'Malley has failed to demonstrate that others might be subjected to the same error. As

noted, O'Malley failed to appear at the restitution hearing. Had she been present, she presumably could have raised an objection to the affidavit. Further, she could have presented her claimed evidence that payment of rent had been accepted and that the three-day notice had thus been waived. In other words, the trial court might have reached a different conclusion if O'Malley had participated and presented evidence.

**{¶ 10}** We will not presume that other individuals subject to forcible entry and detainer complaints will fail to appear after being properly served with notice or that they will fail to protect their claimed rights. Therefore, we conclude that O'Malley has failed to demonstrate that this appeal raises an issue of great public interest.

### III.     Conclusion

**{¶ 11}** Because this appeal has been rendered moot and O'Malley has failed to demonstrate the existence of an exception to the mootness doctrine, this appeal is dismissed.

. . . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.